John T. McGrath et ux. *vs.* Thomas F. McGrath.

Third Judicial District, Bridgeport, October Term, 1903.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

The plaintiffs sued for a reconveyance of land, alleging that it had been transferred by them, to the defendant upon his promise to manage the property, to collect the rents and profits, to pay off a certain mortgage thereon, and, after reimbursing himself for his expenditures, to reconvey to the plaintiffs, accounting also for the rents and profits; that he had collected more than his expenditures but had refused to reconvey or account. The defendant having

denied the alleged agreement, a trial to the jury upon that issue resulted in a verdict for the plaintiffs. The court then ordered an account to be taken, and upon the accounting found over $5,000 to be due the defendant. It thereupon limited a period of time within which the plaintiffs must pay this balance to the defendant, and, that time having elapsed without payment, dismissed the action. Upon a writ of error by the plaintiffs it was *held:* —

1. That since there was no cross-complaint asking a foreclosure of the plaintiffs' right to redeem, so much of the judgment as limited a time within which the plaintiffs must make the required payment was erroneous.

2. That upon the pleadings as they stood, the court could only dismiss the action, since the plaintiffs failed to show themselves entitled to the relief asked for in the complaint.

Submitted on briefs October 30th—decided December 18th, 1903.

WRIT of error to reverse certain portions of a judgment of the District Court of Waterbury, *Cowell, J.*, adverse to the plaintiffs in error, after a verdict of the jury in their favor. *Error and judgment reversed in part.*

*Lucien F. Burpee* and *Terrence F. Carmody*, for the plaintiffs in error.

*James E. Russell*, for the defendant in error.

HALL, J. The plaintiffs in error brought an action in 1898 against the defendant in error, in the District Court of Waterbury, alleging in their complaint that on the 20th of November, 1895, they conveyed to the defendant a certain described tract of land in Waterbury of the value of $8,000, the easterly half of which was subject to a mortgage of $2,500 to Frances A. Minor, and the westerly half to a mortgage of $2,000, under an agreement, set forth in paragraph 6 of said complaint, " that the defendant should redeem said Minor mortgage, hold and manage said property, pay the accrued interest and taxes on said land, collect the rents and profits therefrom, and after indemnifying himself for said expenditures reconvey their said equity of redemption in said land to the plaintiffs, and account for the

McGrath *v.* McGrath.

rents and profits of the same "; that on the 26th of November, 1895, Frances A. Minor conveyed her interest in said premises to the defendant by quitclaim deed, and that the defendant having collected $3,000 rent from said premises and more than the amount of his expenditures thereon, refused, when requested by the plaintiffs in 1898, to reconvey the equity of redemption to the plaintiffs, and to account for the rents and profits thereof after indemnifying himself for his said expenditures.

In said action the plaintiffs asked, by way of equitable relief, for a reconveyance of the equity of redemption in said land, an accounting for the rents and profits, a judgment for the excess of the receipts above the expenditures, and an injunction restraining the defendant from disposing of said property during the pendency of said action.

From the record in said action, it appears that upon a trial to the jury of the issue raised upon paragraph 6 of the complaint, by the defendant's denial of the allegations of the complaint, the following verdict was rendered: "The jury in the above case finds the issues for the plaintiffs, and according to such finding renders a verdict for the plaintiffs, and that the defendant agreed to reconvey the land in question to the plaintiffs, after an accounting had been had, and the plaintiffs had paid to the defendant whatever sum should be found due as alleged in paragraph 6 of the complaint."

The action and judgment of the court (*Cowell, J.*), after such verdict, is stated in the following language of the judgment file, dated September 11th, 1900: "The court thereupon ordered an account to be taken as asked in the plaintiffs' second claim, and the defendant having accounted the court accepted said account, and thereupon found the sum of $5,079.22 to be due the defendant on said account, and thereupon limited the time of payment of said sum by the plaintiffs to the defendant to September 10th, 1900. The plaintiffs failed to make payment of said sum either on or before said day, and said cause came by continuance to this day. Whereupon it is adjudged that said temporary injunction be dissolved

and that said action be dismissed, and that the defendant recover of the plaintiffs his costs. . . ."

That part of this judgment limiting the time for the payment by the plaintiffs to the defendant of the sum so found to be due the latter, is alleged to be erroneous.

The twofold purpose of the action in the District Court was to obtain a judgment directing a reconveyance to the plaintiffs of the land in question, and payment to the plaintiffs of the balance alleged to be due them after deducting the defendant's expenditures from the rent collected by him. The only issues in that action were those raised by the defendant's denial of the matters alleged in the complaint. The plaintiffs were entitled to a judgment for a reconveyance, only upon proof of payment—if not from the rents and profits, at least in some manner—of the defendant's expenditures, and to a money judgment only upon proof that the rents and profits exceeded such expenditures. They not only failed to prove either of these facts, but it appeared upon the accounting that there was a large sum still due to the defendant. After the verdict of the jury and the finding upon the accounting the defendant was entitled to a judgment dismissing the complaint, unless, indeed, upon a proper amendment of the pleadings—permissible in such an equitable proceeding (*Woodbridge* v. *Pratt & Whitney Co.*, 69 Conn. 304, 333, 334)—it should be shown that after a tender to the defendant of the sum so found due him he still refused to reconvey the property to the plaintiffs.

After the verdict and accounting the court, from the language of its judgment, seems to have considered that the defendant, without any claim for equitable relief by cross-complaint or otherwise, was entitled to a decree foreclosing the plaintiffs of all right to redeem or to obtain a reconveyance of the property, and for that purpose to have made an order limiting the time within which the plaintiffs must pay the sum due the defendant, or lose their right to a reconveyance of the property, and to have rendered a judgment dismissing the action and dissolving the order restraining the defendant from disposing of the property, because of the failure of the

plaintiffs to pay the sum found due within the time limited. The judgment, in so far as it limits the time within which the plaintiffs must pay the sum found due or be foreclosed of all right to redeem the property and obtain a reconveyance of it, is erroneous. There is no foundation in the pleadings for such a judgment.

That part of the judgment which reads: " and thereupon limited the time of payment of said sum by the plaintiffs to the defendant to September 10th, 1900. The plaintiff failed to make payment of said sum either on or before said day," is set aside. The rest of said judgment remains in force.

Error, and judgment reversed in part, with costs to the plaintiffs upon the writ of error.

In this opinion the other judges concurred.