LUCY A. MASSEY, GUARDIAN, *vs.* LYDIA L. MAIN FOOTE.

Second Judicial District, Norwich, April Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, SHUMWAY and CASE, Js.

In this State the jurisdiction of Courts of Probate is entirely statutory; and in the exercise of this jurisdiction they possess only such powers as are necessary to the performance of the duties imposed upon them by law.

Under General Statutes, § 203, authorizing probate courts to modify or revoke *ex parte* orders or decrees before appeal, a Court of Probate is powerless to revoke an order of distribution made by it upon notice to the parties and after an appeal therefrom has been taken. Such a decree can be reversed or modified only upon appeal.

Argued April 26th—decided July 6th, 1917.

APPEAL by the plaintiff from the disallowance by the Court of Probate for the district of Norwich of her account as guardian of the defendant, taken to and tried by the Superior Court in New London County, *Reed, J.;* facts found and judgment rendered confirming, with slight modifications, the decree of the Court of Probate, from which the plaintiff appealed. *Error and new trial ordered.*

*C. Hadlai Hull,* for the appellant (plaintiff).

*Edmund W. Perkins,* for the appellee (defendant).

SHUMWAY, J. The only debatable question in this case involves an interpretation of § 203 of the General Statutes. The part of the statute bearing upon the question reads thus: "Any Court of Probate may modify or revoke any order or decree made by it *ex parte*, before any appeal therefrom, and, if made in reference to the settlement of any estate, before the

final settlement thereof, upon the written application of any person interested therein."

This court has held and reaffirmed, that the entire jurisdiction of probate courts is statutory, special and limited. In the exercise of such statutory jurisdiction they possess such incidental and implied powers, legal and equitable, and such only, as are necessary to the entire performance of all the duties imposed upon them by law. *Potwine's Appeal*, 31 Conn. 381; *Hall* v. *Pierson*, 63 Conn. 332, 28 Atl. 544; *Schutte* v. *Douglass*, 90 Conn. 529, 97 Atl. 906. In passing upon the jurisdiction of probate courts, this court has considered, also, the power of such courts to modify or set aside their orders and decrees.

In the case now under consideration, only such facts as are material need be recited. It appears that William L. Main died in 1890, leaving a will which was duly offered for probate and was approved. The estate was distributed by order of the Court of Probate. A portion thereof was distributed to Amos W. Main, a son of William L. Main. Amos W. Main died in July, 1901, leaving a widow (afterward remarried), the present plaintiff. She was appointed administratrix upon her husband's estate on July 18th, 1901. She duly filed an inventory and charged herself with this item: "The interest of said deceased in the estate of his late father, estimated at $2,000."

On the 6th day of October, 1908, distributors were appointed to distribute the estate. The Court of Probate having ascertained the heirs and distributees of the estate of Amos W. Main, ordered the estate distributed to them. To the present plaintiff there was distributed as follows: "One undivided third of the distributive share of what will remain for distribution of the estate of William L. Main . . . that by the terms and provisions of the will of said William L. Main would

Massey *v.* Foote.

go to the said Amos Main on the death of the said widow of said William L. Main, if the said Amos had outlived said widow." At the time of Amos W. Main's death he had a minor daughter, Lydia L. Main, the present defendant, and a minor son, Clifford M. Main. On the 27th day of July, 1901, the plaintiff was appointed guardian of her minor daughter, Lydia L. Main. The widow of William L. Main died in April, 1913.

By the distribution of the estate of Amos Main on October 6th, 1908, which was approved by the Court of Probate, one third of what remained of William L. Main's estate was distributed to the plaintiff. On the 8th day of April, 1914, the Court of Probate ordered the balance of the estate of William L. Main to be distributed to the beneficiaries named in the will, and these beneficiaries had been ascertained and adjudicated by the decree of the court of October 6th, 1908. From the order of the court of April 8th, 1914, one of the executors of the will of William L. Main appealed to the Superior Court, which appeal was pending in said court until October 27th, 1914. In September, 1914, the executors of William L. Main's estate petitioned the Court of Probate, setting out that the order of April 8th was informal, incorrect and erroneous, and on the 27th day of October, 1914, that court made the following order: That said order of this court made and passed on the 8th day of April, 1914, be, and hereby is, reconsidered and amended to read as follows: ". . . The heirs at law of said Amos Main are found to be his two minor children, Lydia Main and Clifford Main, Mrs. Lucy Massey being their guardian, each of said two children taking one half of 53/419 of said balance;" thus giving nothing to the widow.

This procedure certainly constituted a revocation of the order of April 8th, and if the Court of Probate

had authority to do this, the action of the Superior Court affirming the order of October 27th, 1914, should stand, otherwise it should be revoked.

The statute above quoted gives the Court of Probate authority to modify or revoke its decrees made *ex parte*, only before an appeal is taken. But in this case an appeal was taken and the order was not made *ex parte* but upon notice. In the case of *Delehanty* v. *Pitkin*, 76 Conn. 412, 56 Atl. 881, the power of the Court of Probate over its decrees was fully considered, and there it was held that a Court of Probate had no authority to revoke its decree admitting to probate a document purporting to be a last will and testament, although that decree was obtained by fraud. The court, in the case last named, say it was at that time a question of first impression in this State, though the question was recognized but not decided in *Potwine's Appeal*, 31 Conn. 381. As indicating how that decision was regarded, the reporter, in the *Potwine* case (p. 383), appended to the opinion a quotation from *Pettee* v. *Wilmarth*, 87 Mass. (5 Allen) 144, in which this pertinent clause appears: "If he [the Probate Judge] could rescind his first decree, he might rescind the second, and so on indefinitely; and there could be no certainty that any decree had finally established any party's rights, but every person, in whose favor a decree had been obtained, would hold it precariously at the discretion of the judge who passed it." The doctrine of *Delehanty* v. *Pitkin*, 76 Conn. 412, 56 Atl. 881, is affirmed in *Schutte* v. *Douglass*, 90 Conn. 529, 97 Atl. 906, and it is now so well settled as to be no longer open to question.

It is, however, contended in the appellee's brief, that the power of the Court of Probate to revoke decrees, extends not alone to *ex parte* orders, but to orders in reference to the settlement of any estate before final

settlement; that the word "and" conjoining the phrases in the statute above cited, "order and decree made by it *ex parte*," "and if made in reference to the settlement of any estate," should be read "or," thus giving the Court of Probate power to revoke its decree in both cases. No such construction can fairly be put upon the statute; the language used and its meaning is too clear to permit it.

There is error in the judgment of the Superior Court, a new trial is ordered, and a proper guardian's account should be allowed pursuant to the probate decree of April 8th, 1914.

In this opinion the other judges concurred.