[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Belle Halprin, the defendants' decedent, died on July 15, 1988. During her lifetime, she had been confined to the Connecticut Valley Hospital from July 10, 1980 through December 21, 1980. The defendants, Edward Halprin and John Resnick were appointed, by the Probate Court for the district of New Haven, co-executors of her estate on July 20, 1988 and continue to act as such.
The total charges for services rendered by the plaintiff to Belle Halprin for her in-patient stay at Connecticut Valley Hospital, previously mentioned, was $14,385.48. Exhibit A. That the services were rendered is not disputed. Shortly after her release from Connecticut Valley Hospital the plaintiff mailed a document, Exhibit 1, to Belle Halprin, care of the defendant Edward Halprin, Belle Halprin's son, at his home. This document, Exhibit 1, was clearly labeled "This is not a bill. (in caps) Keep it for your records. Wait for actual bill before making payment." The document, Exhibit 1, in a box labeled "Remarks" contains the printed message "Start billing. Charge $12.20 per day for 101 days $1232.20." On receipt of Exhibit 1, Edward Halprin immediately sent a check for $1232.20 to the plaintiff. Nothing further was heard from the plaintiff until after the death of Belle Halprin. As previously noted, the defendants were appointed co-executors of her estate. When they filed a Return of Claims with the Probate Court they did not list the plaintiff as a claimant.
The parties have filed a stipulation with this court that recites that the Application for Probate of the Will for the Estate of Belle Halprin stated that "Decedent, or spouse or children of the decedent did not ever receive aid or care from the State of Connecticut."
Further, the Stipulation states that "The New Haven Probate Court did not send a copy of the Application for Probate of the CT Page 11209 Will for the Estate of Belle Halprin, nor did such court send any other notice as to the pendency or existence of the Estate of Belle Halprin to the Department of Administrative Services for the State of Connecticut."
The state first learned of the death of Belle Halprin on June 20, 1989 and a claim against her estate was filed on August 7, 1989 (Exhibits C, D, E). The claim was denied by a letter from the defendant Resnick dated September 5, 1989 (Exhibit F).
The plaintiff filed an amended complaint dated May 30, 1990 to which the defendant filed an answer dated June 18, 1990 containing two special defenses. The first special defense of laches was, on motion, stricken by the court.
The second special defense, that the plaintiff had failed to present its claim within the time provided by law, was left to the trial court.
In addition to the writings on Exhibit 1 already mentioned by the court, the exhibit contains in close proximity to those writings, a duplication in full, in bold print, of 17-295b, including its title, "Liability of patient for per capita cost of care."
The first claim of the defendants is that they received a bill for services rendered by the plaintiff and paid it in full. When Halprin received Exhibit 1, he considered it a bill for services rendered his mother and he paid it on her behalf. But when one looks at Exhibit 1 it is obvious that it is not a bill and it so states clearly on its face and warns against acting upon it as if it were such. The defendants have failed to support this claim with the proof needed to make it viable.
The second defense of the defendants is that the plaintiff failed to present its claim within the time provided by law.
Belle Halprin died on July 15, 1988. Section 45a-355, General Statutes, applies to claims against decedents' Estates for decedents dying after October 1, 1987 and is entitled "Notification to Department of Administrative Services and Veterans Home and Hospital Commission." That section requires that an application for admission of a decedent's will to probate shall state whether the decedent received aid or care from the state. A copy of any application which states that the decedent did receive aid or care shall be sent by certified mail return receipt requested, by the CT Page 11210 court of probate to the department of administrative services. If that department fails to present its claim within ninety days from the date of mailing of such notification or the date of the appointment of the fiduciary, whichever is later, the department shall be forever barred from asserting or recovering on such claim.
Of course the Probate Court could not comply with this law because the defendants never informed it that Belle Halprin had been the recipient of the state's care at Connecticut Valley Hospital for four months. Stipulation of Facts. As a consequence, the Department of Administrative Services did not learn of the death of Belle Halprin nor of the opening of her estate until June 20, 1989 when, by happenstance, a tax department review reported it to that department.
It is apparent that the carefully synchronized statutes enacted by the legislature in this delicate area were rendered impotent by the failure of the defendants to comply with its mandate.
Our Supreme Court, early on, had occasion to define "notified": "In legal proceedings and in respect to public matters the word notified is generally if not universally used as imparting a notice given by some person, whose duty it was to give it, in some manner prescribed, and to some person entitled to receive it or be notified. Potwine's Appeal from Probate, 31 Conn. 381, 384.
The defendants' neglect to properly complete the application for admission of Belle Halprin's Will to Probate made it impossible for the Probate Court to give notice as required by statute to the Department of Administrative Services and for that department to timely file its claim. Such action cannot be permitted to become the foundation for a procedure that destroys the plaintiff's interests. State v. Mancini, #CV 79-003425, Jud. Dist. Ansonia-Milford, Memo 4/1/80, Hadden, J.
In a basically similar setting our Supreme Court said: "We thus hold that the statute fixing the time of appeal from a decree of the Probate Court is subject to the implied requirement that the court give notice of its decree before the thirty day appeal period becomes operative. Since the plaintiff's appeal was filed within thirty days after she became aware of the Probate Court's decree, her appeal must be allowed to proceed." Kron v. Thelen,178 Conn. 189, 197. See also Glen Chaffer, Inc. v. Kennedy,37 Conn. Sup. 654, 658. CT Page 11211
The court finds the issues for the plaintiff and that the plaintiff is entitled to the sum of $13,153.08 and, further, that events occurring, as noted, in the course of this matter entitle the plaintiff to interest on said sum at 10% from July 22, 1988. Judgment may enter accordingly.
Harold M. Mulvey, J.