JANET D. HEUSSNER *v.* GREGORY A. HAYES,
CONSERVATOR (ESTATE OF ANASTASIA
HEUSSNER), ET AL.
(SC 17979)
(SC 17980)

Norcott, Katz, Palmer, Zarella and Schaller, Js.

Argued October 24—officially released December 30, 2008

*Royal J. Stark*, for the appellant (plaintiff).

*David S. Hardy*, with whom, on the brief, was *Anthony M. Fitzgerald*, for the appellees (named defendant et al.).

*Opinion*

KATZ, J. This case arises from the Superior Court's joint memorandum of decision granting the motions of the defendants Gregory A. Hayes and George T. Heussner, conservators of the estate of Anastasia Heussner

(ward), to dismiss two companion appeals[1] filed by the plaintiff, Janet D. Heussner, from orders of the Probate Court. The sole issue in both appeals is whether an incorrect return date set by the Probate Court deprives the Superior Court of subject matter jurisdiction over a probate appeal after the appeal has been allowed by the Probate Court. We hold that it does not, and we reverse the judgment of the Superior Court.

The record reveals the following undisputed facts and procedural history. The plaintiff is the adult daughter of the ward. On December 18, 2002, Hayes, an attorney and the ward's former guardian ad litem, and George T. Heussner, the ward's son, were appointed conservators of the ward's estate. In 2006, the conservators sought permission from the Probate Court to obtain a $200,000 line of credit secured by a mortgage on the ward's residence and to sell certain personal items allegedly belonging to the ward to secure funds to pay for her ongoing care. The Probate Court granted permission to obtain the line of credit on May 17, 2006, and granted permission to sell the personal items on July 19, 2006, entering the appropriate orders on those dates. The plaintiff timely moved for permission to appeal from both orders pursuant to General Statutes § 45a-186 (a),[2]

[1] Although the two cases, which had separate docket numbers, were not consolidated in the trial court, because the cases were heard together in the trial court and raised the same issue on appeal, the appellate clerk's office consolidated the records and the cases for purposes of oral argument in this court. The two companion cases are docketed as follows: SC 17979, which concerns an order of the Probate Court authorizing the conservators to sell certain personal items of their ward at a private auction; and SC 17980, which concerns an order of the Probate Court authorizing the conservators to obtain a line of credit secured by a mortgage on the residence of their ward. The briefs for the two cases are identical, with the exception of the conservators' brief for SC 17980, which included a return of service of the conservators dated September 11, 2006.

[2] General Statutes § 45a-186 (a) provides in relevant part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court . . . ."

We note that § 45a-186 was amended in 2007; see Public Acts 2007, No. 07-116, § 2; however, those changes are not relevant to this appeal. For the sake of convenience, we refer herein to the current revision of the statute.

and the Probate Court allowed the appeals and ordered notice to be provided to the conservators and two other individuals,[3] as provided by General Statutes § 45a-192.[4] In its orders, the Probate Court set forth a return date of September 20, 2006. The plaintiff filed applications for fee waiver to pursue the appeals with the Superior Court, which were granted. On September 11, 2006, the plaintiff filed in Superior Court copies of the decrees from the Probate Court allowing the appeals, along with returns of service. The plaintiff's filings did not, however, include a summons.

On October 25, 2006, the conservators moved in Superior Court to dismiss the appeals. They first claimed that the failure to return process in accordance with the relevant statutes deprived the court of personal jurisdiction over them, but later contended that the failure to meet the statutory requirements for taking a probate appeal, including those related to process, deprived the Superior Court of subject matter jurisdiction over the appeals. Specifically, the conservators contended that the Superior Court lacked jurisdiction to hear the appeals because: contrary to the specifications of General Statutes § 52-48 (a),[5] which provides

---

[3] James Stewart and S. Giles Payne also were named as defendants in these appeals. Both Stewart and Payne were defaulted and neither is involved in this appeal.

[4] General Statutes § 45a-192 provides: "The Court of Probate, in allowing an appeal, shall make such order of notice to persons interested as it deems reasonable. When the notice has been given by the appellant and proved to the court to which the appeal is taken, the court may hear the appeal without further notice."

Section 45a-192 has since been repealed. See Public Acts 2007, No. 07-116, § 33.

[5] General Statutes § 52-48 provides in relevant part: "(a) Process in civil actions, including transfers and applications for relief or removal, but not including summary process actions, brought to the Superior Court may be made returnable on any Tuesday in any month. . . .

"(b) All process shall be made returnable not later than two months after the date of the process . . . ."

that civil process "brought to the Superior Court may be made returnable on any Tuesday in any month," the return date set by the Probate Court of September 20, 2006, was a Wednesday; service on one of the conservators, George T. Heussner, was made to the wrong address; and the plaintiff had failed to return process in accordance with General Statutes § 52-46a.[6] The plaintiff opposed the motions and concurrently filed motions to amend process in the Superior Court, pursuant to General Statutes § 52-72,[7] attempting to correct the defects alleged by the conservators, noting that the defective return date had been set by the Probate Court and that a scrivener's error had caused the marshal to make service to the wrong address. The conservators opposed the motions to amend, claiming, inter alia, that the time allowed to amend process had passed. Additionally, the conservators contended that only the Probate Court, not the Superior Court, can amend process in connection with a probate appeal. At a hearing on the pending motions before the Superior Court, the court questioned whether it was authorized to amend process or whether that power was vested exclusively with the Probate Court. Thereafter, the plaintiff filed a motion in the Probate Court to enter corrected orders allowing the appeals and setting forth a proper return date. On December 15, 2006, the Probate Court entered a second order allowing the appeals that set forth a new return date of January 16, 2007, which was a Tuesday. A

[6] General Statutes § 52-46a provides in relevant part: "Process in civil actions returnable to the Supreme Court shall be returned to its clerk at least twenty days before the return day and, if returnable to the Superior Court . . . to the clerk of such court at least six days before the return day."

[7] General Statutes § 52-72 provides in relevant part: "(a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement.

"(b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form. . . ."

return of service dated December 27, 2006, appears in the record and indicates that all parties properly were served. The Superior Court subsequently denied the plaintiff's requests to amend process, without written decision.

On January 22, 2008, the Superior Court rendered judgments dismissing the appeals for lack of jurisdiction. In its joint memorandum of decision, the Superior Court stated that § 52-48 (b) requires that process be returned within two months from the date process is served, and noted that, even if a return date is amended, it must comply with such statutory requirements. The court determined that this rule applies to probate appeals and that, if a plaintiff fails to return process for such appeals to the Superior Court within two months after service, such a defect implicates the subject matter jurisdiction of the court. The court determined that, although the Probate Court had amended the return date, the amended return date fell outside the window mandated by statute. Accordingly, the Superior Court dismissed the appeals. The plaintiff timely appealed from the judgments to the Appellate Court, and we transferred the appeals to this court, pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

On appeal, the plaintiff claims that the Superior Court's dismissal of her appeals was improper for two reasons. First, she claims that probate appeals are not governed by the rules of process that are applicable to civil actions, set forth in §§ 52-46, 52-48 and 52-72. The plaintiff asserts that jurisdiction over a probate appeal attaches by operation of law when the appeal properly is taken and allowed by the Probate Court. Therefore, she contends that a return date that does not comply with the statutory requirements governing mesne process cannot divest the Superior Court of that jurisdiction because it already has attached. The plaintiff further contends that the fact that a separate statutory

provision, specifically, § 45a-192, provides for notice in probate appeals without reference to a particular procedure indicates that the mesne process requirements for civil actions are not intended to apply to probate appeals. In support of these contentions, the plaintiff cites *Donovan's Appeal from Probate*, 40 Conn. 154 (1873), *Coughlan* v. *Murphy*, 134 Conn. 601, 59 A.2d 729 (1948), and *In re Michaela Lee R.*, 253 Conn. 570, 756 A.2d 214 (2000). Second, she claims that, if this court should find that mesne process requirements are applicable to probate appeals, because the notice specified for probate appeals pursuant to § 45a-192 only must be "reasonable," defects in process could have been cured under § 52-72 even after the two month time limit for return of process set by § 52-48 (b).

In response, the conservators contend that probate appeals are civil actions subject to the requirements of mesne process, and that the plaintiff's failure to satisfy those requirements deprived the Superior Court of jurisdiction over her appeals. Specifically, the conservators claim that, because the original documents filed by the plaintiff do not contain a proper writ of summons or return of service, the original return date was improper and the amended documents were untimely, process was not sufficient to satisfy statutory requirements.[8] Because the plaintiff did not comply with such statutory requirements, the Superior Court therefore lacked subject matter jurisdiction over the appeals. In support of their claims, the conservators cite a line of cases to stand for the proposition that probate appeals that do not comply with the requirements of mesne process must be dismissed for lack of jurisdiction. See *Campbell's Appeal from Probate*, 76 Conn. 284, 56 A. 554 (1903); *Kucej* v. *Kucej*, 34 Conn. App. 579, 62 A.2d 81 (1994); *Bergin* v. *Bergin*, 3 Conn. App. 566, 490 A.2d

---

[8] Other than the defective process, the conservators do not claim that the plaintiff failed to comply with statutory requirements for taking an appeal.

543 (1985). Finally, the conservators contend that the authority to amend any defects in the appeals rested solely with the Probate Court, pursuant to General Statutes § 45a-189,[9] and thus the Superior Court properly could not have amended process according to the remedial provisions of § 52-72.

We conclude that jurisdiction over a probate appeal attaches when the appeal properly is taken and allowed and that the requirements of mesne process do not apply to probate appeals. Accordingly, we do not reach the parties' claims concerning whether the Superior Court properly could have amended the defective process under § 52-72.

The standard of review for a motion to dismiss is well settled. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . *Baskin's Appeal from Probate*, [194 Conn. 635, 640, 484 A.2d 934 (1984)]." (Internal quotation marks omitted.) *Amore* v. *Frankel*, 228 Conn. 358, 372, 636 A.2d 786 (1994). Whether an issue implicates subject matter jurisdiction is a question of law over which our review is plenary. *In re Joshua S.*, 260 Conn. 182, 193, 796 A.2d 1141 (2002).

The Probate Court is a court of limited jurisdiction prescribed by statute, and it may exercise only such powers as are necessary to the performance of its duties. *Massey* v. *Foote*, 92 Conn. 25, 26, 101 A. 499 (1917). As a court of limited jurisdiction, it may act only

---

[9] General Statutes § 45a-189 provides: "In the event of any defect in the form of an appeal taken under the provisions of section 45a-186 by any aggrieved person, such person may obtain from the Court of Probate an amendment to the appeal correcting the defect, provided the order for amendment is granted not later than ninety days after the date of the order, denial or decree of the court of probate from which the appeal was originally taken."

when the facts and circumstances exist upon which the legislature has conditioned its exercise of power. *In re Baby Z.*, 247 Conn. 474, 485–86, 724 A.2d 1035 (1999). Such a court "is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." *Marcus' Appeal from Probate*, 199 Conn. 524, 528–29, 509 A.2d 1 (1986).

Under the probate appeals statutory scheme at issue in these appeals,[10] § 45a-186 (a) provides aggrieved persons with a statutory right of appeal from orders of the Probate Court to the Superior Court. See footnote 2 of this opinion. Once the Probate Court allows the appeal, it may issue such orders of notice as it deems reasonable, pursuant to § 45a-192. See footnote 4 of this opinion. The appeal must comply with statutory conditions that are essential to the exercise of jurisdiction by the Probate Court, and failure to do so will deprive the reviewing court of jurisdiction over the appeal. *Exchange Buffet Corp.* v. *Rogers*, 139 Conn. 374, 376, 94 A.2d 22 (1952). The conservators do not challenge whether the plaintiff complied with statutory requirements unrelated to notice for taking an appeal from probate. Therefore, the question is whether compliance with the requirements of mesne process when providing notice is essential to the exercise of the Superior Court's jurisdiction.

[10] The probate appeals statutory scheme was revised, effective October 1, 2007, and thus such appeals no longer are governed by the statutes that have engendered the controversy in the present case. See Public Acts 2007, No. 07-116. Under the revised scheme, the provision that governs notice of probate appeals explicitly provides in relevant part: "Each person who files an appeal pursuant to this section shall serve a copy of the complaint on the court of probate that rendered the order, denial or decree appealed from and on each interested party. *The failure of any person to make such service shall not deprive the Superior Court of jurisdiction over the appeal.* . . ." (Emphasis added.) General Statutes (Sup. 2008) § 45a-186 (b).

This court repeatedly has held that notice is not an essential prerequisite to the exercise of jurisdiction over a probate appeal by the Superior Court. *In re Michaela Lee R.*, supra, 253 Conn. 607; *George* v. *St. Ann's Church*, 182 Conn. 322, 324, 438 A.2d 97 (1980); *Coughlan* v. *Murphy*, supra, 134 Conn. 604–605; *Donovan's Appeal from Probate*, supra, 40 Conn. 156. Although a court may not proceed with the adjudication of a probate appeal if it is not satisfied that notice has been given in compliance with the Probate Court's order, failure to provide notice does not deprive the Superior Court of jurisdiction over the matter. Long ago, this court explained: "The provision requiring notice is in an independent section of the statute, relates to the duties of the court of probate and not of the appellant, and is merely directory. The provision allowing an appeal confers upon the party aggrieved an absolute right of which he cannot be deprived by any omission of the court of probate. When the appeal is properly taken and allowed, the jurisdiction of the Superior Court over the cause attaches." *Donovan's Appeal from Probate*, supra, 156; accord *Coughlan* v. *Murphy*, supra, 604–605. The fact that the notice requirements are directory, not mandatory, indicates that strict compliance with notice requirements cannot be essential to the exercise of jurisdiction of the reviewing court. Cf. *Commission on Human Rights & Opportunities* v. *Savin Rock Condominium Assn., Inc.*, 273 Conn. 373, 379, 870 A.2d 457 (2005) (discussing line of cases under which statutory time limitation that is directory, not mandatory, is deemed not to implicate subject matter jurisdiction).

More recently, we have underscored the fact that the notice requirements of § 45a-192 were directed to the Probate Court rather than imposing responsibilities upon the appellant, and we have reiterated that the Superior Court is not deprived of subject matter jurisdiction over a probate appeal if those notice require-

ments have not been met. In *George* v. *St. Ann's Church*, supra, 182 Conn. 324, the court stated that the statute then in effect concerning notice of probate appeals, General Statutes (Rev. to 1979) § 45-294,[11] which subsequently was transferred to § 45a-192, instructs the Probate Court to issue an order of notice, rather than imposing a responsibility upon the appellant. In *George*, the court held that the trial court improperly had dismissed the case for lack of subject matter jurisdiction because the failure to give notice to an interested party did not deprive the court of jurisdiction over the appeal. Id. The court noted, however, that the appeal could not be heard on the merits until the appropriate party had received notice. Id. Similarly, in *In re Michaela Lee R.*, supra, 253 Conn. 607, we recognized this basic principle: "[I]t is the duty of the probate courts to make process returnable on a proper return date. Although the Probate Court specified a return date that was not in compliance with [the statutes addressing service of civil process, General Statutes] §§ 52-46 and 52-46a, that omission did not deprive the trial court of jurisdiction over the . . . appeal."

Finally, we note that this court has recognized that appeals from probate differ from civil actions, and that they are not adversarial actions between parties. *Slattery* v. *Woodin*, 90 Conn. 48, 50, 96 A. 178 (1915). "They are not commenced by the service of process and no complaint or other pleadings are required." Id. Rather, they are commenced by filings with the Probate Court, which allows or disallows the appeal as appropriate and then causes notice to be given to interested parties. See General Statutes § 45a-192. Accordingly, there is a logical basis to apply different treatment to notice requirements in the two types of proceedings.

[11] Section 45-294 was transferred to § 45a-192 in 1991, and this scheme remained in place until October 1, 2007, at which time the statute was repealed. See footnote 4 of this opinion.

Despite our clear pronouncement in *Donovan's Appeal from Probate* and its progeny, that defects in notice of probate appeals are not subject matter jurisdictional, the Appellate Court cases on which the conservators rely indicate that confusion remains, stemming from this court's holding in *Campbell's Appeal from Probate*, supra, 76 Conn. 284. In *Campbell's Appeal from Probate*, supra, 287, this court held that, under the statutory scheme that then existed, "the words 'process in civil actions' included probate appeals," and that probate appeals therefore were subject to requirements mandating the return of process to the Superior Court in compliance with mesne process requirements that existed at that time. In reliance on this holding, in *Kucej* v. *Kucej*, supra, 34 Conn. App. 579, and *Bergin* v. *Bergin*, supra, 3 Conn. App. 566, the Appellate Court affirmed the Superior Court's dismissal of appeals from probate when the appellants had not satisfied the requirements of mesne process in accordance with the relevant statutes.

In *Coughlan* v. *Murphy*, supra, 134 Conn. 604–605, however, this court relied on the notice principles set forth in *Donovan's Appeal from Probate* and rejected the contrary rule set forth in *Campbell's Appeal from Probate* because of substantive differences in the statutory scheme at issue under *Campbell's Appeal from Probate*. The court in *Coughlan* noted that *Campbell's Appeal from Probate* had concerned a statute in which the phrase "process in civil actions" previously had been understood to include probate appeals, and the court in *Campbell's Appeal from Probate* had construed the recent revision to the statute omitting the term "appeals" as evidence of that construction. *Coughlan* v. *Murphy*, supra, 605; see also *Campbell's Appeal from Probate*, supra, 76 Conn. 289 ("[t]he truth seems to be that the word 'appeals' was omitted in [the predecessor to § 52-48, the statute controlling process in civil

actions], because the revisers supposed that a probate appeal was an 'action,' under that section, for they say so in a note to that section"). At the time of *Coughlan*, however, the appeals scheme had been revised to provide a separate statutory provision, § 45-294, that governed notice of appeals from probate. This scheme, which is essentially the same statutory scheme for probate appeals as in the appeals presently before us, and the same as the one this court discussed in *Donovan's Appeal from Probate*, distinguished probate appeals from ordinary civil process. Indeed, the court noted that "[t]his statute [regarding notice of probate appeals] would serve no purpose if the appeal must be served in the same manner as ordinary civil process." *Coughlan* v. *Murphy*, supra, 604. Consequently, this court held that, contrary to the statutory scheme existing at the time of *Campbell's Appeal from Probate*, under the scheme at issue in *Coughlan* and in the present case, notice is not essential to give the Superior Court jurisdiction over probate appeals, relating instead to duties of courts of probate, and jurisdiction attaches at the time that the appeal properly is taken and allowed. Id., 605.

It is clear that the Appellate Court, in deciding *Bergin* and *Kucej*, failed to recognize that *Campbell's Appeal from Probate* was predicated on a different statutory scheme than the one then before it. Indeed, *Bergin* and *Kucej* did not address *Coughlan*. Therefore, to the extent that *Bergin* and *Kucej* hold that probate appeals are subject to the requirements of mesne process, that conclusion is hereby overruled.[12] Section 45a-186 con-

---

[12] The conservators attempt to distinguish the requirements of mesne process from notice in an effort to save their argument. They seem to be claiming that *Bergin* and *Kucej* concerned whether the failure to comply with the requirements of mesne process deprives the Superior Court of subject matter jurisdiction, while *Donovan's Appeal from Probate* and its progeny speak to whether the appeal may be dismissed for lack of notice. The conservators further note that the Superior Court has not found any conflict between the two lines of cases. In light of our conclusion that probate appeals are not subject to the requirements of mesne process, the

fers upon an aggrieved party an absolute right to appeal orders of the Probate Court to the Superior Court, and such right cannot be abrogated by any omission of the Probate Court. A probate appeal is taken from and allowed by a Probate Court, and at that time, the jurisdiction of the Superior Court over the appeal attaches. Thereafter, pursuant to § 45a-192, prior to its repeal, the Probate Court could order such notice as it deemed reasonable, and once the appellant had proved such notice to the court to which the appeal was taken, the Superior Court could hear the appeal. Mesne process requirements governing notice do not apply to probate appeals, and therefore, failure to comply with them cannot deprive the Superior Court of subject matter jurisdiction over the appeal.

In the present case, the trial court improperly dismissed the appeals for lack of subject matter jurisdiction. Jurisdiction attached when the appeals properly were taken and allowed, and the failure of the plaintiff to return process as specified by mesne process requirements pursuant to §§ 52-46a and 52-48 did not divest the Superior Court of jurisdiction. Moreover, the plaintiff ultimately amended the return date by motion to the Probate Court, returning service of process on the conservators to the Superior Court on December 27, 2006. The conservators were served with process and appeared in opposition to the plaintiff's appeals. It thus is clear that they received notice, and the Superior Court therefore was authorized to proceed with the appeals.

The judgments are reversed and the cases are remanded to the trial court for further proceedings consistent with this opinion.

In this opinion the other justices concurred.

conservators' argument is without merit. Because subject matter jurisdiction attaches at the time that the appeal is taken and allowed, notice thereafter is irrelevant to that jurisdiction.