******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID W. BURNELL, EXECUTOR (ESTATE OF
DONALD B. BURNELL), ET AL. *v.* RONALD
CHORCHES, TRUSTEE, ET AL.
(AC 38267)

Sheldon, Keller and Prescott, Js.

*Argued January 13—officially released June 13, 2017*

(Appeal from Superior Court, judicial district of
Danbury, Truglia, J.)

*Stephen L. Savarese*, for the appellants (plaintiffs).

*Michael S. Schenker*, for the appellee (named
defendant).

*Opinion*

SHELDON, J. The plaintiffs, David W. Burnell, individually and as executor of the estate of his father, Donald B. Burnell (decedent), and Stephen Lawrence Savarese, the attorney for David W. Burnell in his capacity as executor, appeal from the judgment of the trial court dismissing this action for lack of subject matter jurisdiction. The plaintiffs brought the action against the defendant bankruptcy trustee Ronald Chorches[1] as an appeal from orders of the Probate Court for the district of Northern Fairfield County stemming from a financial report filed by Burnell in his administration of the decedent's estate. The court granted the defendant's motion to dismiss for lack of subject matter jurisdiction on the ground that the appeal was untimely because it was not filed in the Superior Court within thirty days of the mailing of the Probate Court's decree, as required by General Statutes § 45a-186. We affirm the judgment of the trial court.

The following factual and procedural history, as set forth by the trial court, is relevant to the plaintiffs' claims on appeal. "On December 11, 2014, the Court of Probate for the Northern District of Fairfield County (Probate Court) issued a notice of hearing for the estate of [the decedent], which provided for a hearing to be held on January 6, 2015. This notice was sent to all persons who had an interest in the estate, including the plaintiffs, David Burnell, individually and as executor of the decedent's estate, and Stephen Savarese, attorney for Burnell as executor. The notice scheduled a hearing '[u]pon the petition for allowance of the final financial report of the fiduciary and an order of distribution of said estate as per petition on file more fully appears.' The hearing took place as scheduled on January 6, 2015. At the hearing, the plaintiffs appeared and were heard. The plaintiffs had advance notice of the defendant's objections to the final account, including his claims of breach of fiduciary duty and payment of excessive counsel fees. The plaintiffs also had advance notice of the Probate Court's intention to address the issue of the defendant's standing . . . . No objection was made by the plaintiffs as to the form of the notice of the hearing prior to, during, or after the hearing; nor did the plaintiffs file a motion for reconsideration, modification, or revocation of the decree with the Probate Court. The court also notes that the plaintiffs' complaint does not claim any defect in the December 11, 2014 notice.

"The Probate Court issued a memorandum of decision, *Egan, J.,* on February 12, 2015, which was then mailed to all interested parties on February 13, 2015. The affidavit filed by Attorney Savarese in opposition to the defendant's motion to dismiss indicates that the plaintiffs received an actual copy of the Probate Court's decision on February 23, 2015. On March 13, 2015, the plaintiffs delivered the original summons and complaint

to a state marshal for service of process. The marshal's return indicates that service was made on the interested parties on March 16, 2015. The summons and complaint commencing this appeal were thereafter filed with the Superior Court on April 2, 2015.

"The defendant's argument is straightforward. The complaint in this probate appeal was not filed with the Superior Court within thirty days of the Probate Court mailing its decision to the parties as required under § 45a-186. The timely filing of a complaint with the Superior Court is a subject matter jurisdictional prerequisite to commencement of a probate appeal. Therefore, according to the defendant, this court is without subject matter jurisdiction to hear this appeal, and the motion to dismiss must be granted.

"The plaintiffs oppose the motion to dismiss on the following grounds. First, the plaintiffs argue that they did not receive sufficient notice of the January 6 hearing. Therefore, instead of being bound by the thirty day limitation of § 45-186 (a), the plaintiffs maintain that they are entitled to rely on the twelve month limitation set forth in General Statutes § 45a-187 and, accordingly, the appeal has been timely commenced. Second, the plaintiffs argue that even if the thirty day limitation applies, they are entitled to the benefit of the savings provision of General Statutes § 52-593a. The plaintiffs maintain that because service of process in this action was delivered to a proper officer within the thirty day appeal period, who then served and returned it within thirty days thereafter, their appeal is timely." (Footnotes omitted.)

The trial court rejected the plaintiffs' arguments in opposition to the defendant's motion, concluded that the plaintiffs had failed to file their appeal of the Probate Court's decree within thirty days of the mailing of the decree, as required under § 45a-186, and thus dismissed the plaintiffs' action for lack of subject matter jurisdiction on the ground that it was not timely filed. This appeal followed.

On appeal, the plaintiffs challenge the court's dismissal of their action on the same grounds as they raised in the trial court in opposition to the defendant's motion to dismiss. The plaintiffs first claim that, because they did not receive sufficient notice of the probate hearing, the thirty day time limit for filing an appeal under § 45a-186 (a) did not apply to their appeal, but, instead, that their appeal was governed by the twelve month time period set forth in § 45a-187 (a). The plaintiffs also argue that, even if the thirty day time limitation of §45a-186 (a) did apply to their appeal, they complied with that statutory requirement by delivering their appeal papers to the marshal within thirty days of the date on which the Probate Court decree was mailed to them, for service upon the defendants pursuant to § 52-593a.[2] We are not persuaded.

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . Whether an issue implicates subject matter jurisdiction is a question of law over which our review is plenary." (Citations omitted; internal quotation marks omitted.) *Heussner* v. *Hayes*, 289 Conn. 795, 802, 961 A.2d 365 (2008).

The plaintiffs' claims on appeal implicate the provisions of §§ 45a-186, 45a-187 and 52-593a, and thus present issues of statutory construction over which our review is also plenary. General Statutes § 1-2z provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

"[W]e are . . . mindful of the familiar principle that a court [that] exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . Our courts of probate have a limited jurisdiction and can exercise only such powers as are conferred on them by statute. . . . They have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power. . . . The Superior Court, in turn, in passing on an appeal, acts as a court of probate with the same powers and subject to the same limitations. . . . It is also well established that [t]he right to appeal from a decree of the Probate Court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met. . . . Thus, only [w]hen the right to appeal . . . exists and the right has been duly exercised in the manner prescribed by law [does] the Superior Court [have] full jurisdiction over [it] . . . ." (Citations omitted; internal quotation marks omitted.) *Connery* v. *Gieske*, 323 Conn. 377, 390–91, 147 A.3d 94 (2016).

With the foregoing principles in mind, we turn to the language of the statutes under which the plaintiffs claim that their probate appeal was timely filed. Section 45a-186 (a) provides in relevant part: "Except as provided in sections 45a-187 and 45a-188, any person aggrieved by any order, denial or decree of a Probate Court in any matter, unless otherwise specially provided by law, may . . . not later than thirty days after mailing of an order, denial or decree for any other matter in a Probate Court, appeal therefrom to the Superior Court. Such an appeal shall be commenced by filing a complaint in the superior court in the judicial district in which such Probate Court is located . . . ." Section 45a-187 (a)

also provides in relevant part: "An appeal by persons of the age of majority who are present or who have legal notice to be present, or who have been given notice of their right to request a hearing or have filed a written waiver of their right to a hearing, shall be taken within the time provided in section 45a-186, except as otherwise provided in this section. If such persons have no notice to be present and are not present, or have not been given notice of their right to request a hearing, such appeal shall be taken within twelve months . . . ." Our Supreme Court has stated: "It is axiomatic that strict compliance with [the] terms [of § 45a-186] is a prerequisite to an aggrieved party's right to appeal and to the Superior Court's jurisdiction over the appeal." *Connery* v. *Gieske*, supra, 323 Conn. 389.

The plain and unambiguous language of § 45a-186 (a) requires that an appeal from a court of probate be filed within thirty days from the date that the decree was mailed to the parties. The timeline in this case is not disputed. The order of the Probate Court from which the plaintiffs have appealed was mailed to them on February 13, 2015, and received on February 23, 2015. The plaintiffs filed their appeal from the Probate Court with the Superior Court on April 2, 2015. The plaintiffs thus failed to comply with the plain language of § 45a-186 (a) requiring that they file their appeal within thirty days.

The plaintiffs nevertheless contend that they fall within the exception to that requirement pursuant to § 45a-187. The plaintiffs argue that they did not have sufficient notice of the January 6, 2015 hearing before the Probate Court, and thus that the twelve month time period set forth in § 45a-187 (a) applied to their appeal. Although the plaintiffs do not claim that they did not receive the December 11, 2014 notice of the January 6, 2015 hearing on the financial report previously filed by Burnell, they claim that the notice of the hearing was deficient in that it "d[id] not [provide] any mention of the various objections to [the financial] report . . . ." The plaintiffs argue that "no notice was provided that fairly apprised [them] of proceedings leading to orders, [that were] never discussed in any hearing, requiring [them] to disgorge payments made more than four years earlier . . . ."

The plaintiffs' reliance on § 45a-187 fails for two reasons. First, § 45a-187 provides that the thirty day time limitation in § 45a-186 for the filing of a probate appeal may be avoided "[i]f such persons have no notice to be present *and* are not present" at the hearing on the issue from which the appeal is being taken. (Emphasis added.) General Statutes § 45a-187 (a). The plain language of § 45a-187 (a) requires that appeals in actions in which parties who are present at the probate hearing adhere to the thirty day requirement set forth in § 45a-186. The plaintiffs attended and participated in the Janu-

ary 6, 2015 hearing before the Probate Court. Because they were present at the hearing, the plaintiffs' action was governed by § 45a-186 (a), not by § 45a-187.

Moreover, the plaintiffs had notice that the financial report was the subject of the January 6, 2015 hearing, and were aware that the defendant had filed objections to certain portions of the report. The plaintiffs, in fact, filed a written response to the defendant's objections to the report. It is absurd to think that properly filed objections to a report, of which the plaintiffs had notice and to which they had filed a written response, would not be considered at a hearing to determine if the report should be accepted, particularly in light of the fact that the sums previously collected by the plaintiffs, which were the subject of the defendant's objections, were listed in the report that the court was reviewing for approval. The plaintiffs' claim that their action was governed by § 45a-187, rather than § 45a-186, thus must fail.

The plaintiffs also claim that they complied with § 45a-186 (a) by delivering their appeal papers to the marshal within thirty days of the date that the Probate Court decree was mailed to them. The plaintiffs claim relief under § 52-593a (a), which provides in relevant part: "[A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, *if the process to be served* is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of the delivery." (Emphasis added.) Section 52-593a, by its inclusion in the title of the General Statutes governing civil actions, and by its language referring to service of process, indisputably applies to civil actions. As noted herein, probate appeals are not civil actions. "They are not commenced by the service of process . . . ." (Internal quotation marks omitted.) *Heussner* v. *Hayes*, supra, 289 Conn. 805. Probate appeals are, rather, properly commenced by filing the complaint with the Superior Court. "[J]urisdiction over a probate appeal attaches when the appeal is properly taken and . . . the requirements of mesne process do not apply to probate appeals." Id., 802. The plaintiffs' delivery of their appeal papers to a marshal therefore did not save their appeal under § 52-593a. Accordingly, the trial court properly dismissed the plaintiffs' action.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Additional heirs or beneficiaries of the decedent's estate are also named as defendants in this action, but have not participated in this appeal. Thus, any reference herein to the defendant refers to Chorches only.

[2] The plaintiffs also claim that the thirty day time period within which they were required to file their appeal from the Probate Court was tolled by their filing with the Probate Court a motion to reargue and for reconsideration. The plaintiffs have not cited to any legal support for this claim, nor are we aware of any. We further note that the plaintiffs did not file an appeal from the Probate Court's purported denial of their motion to reargue and for reconsideration. It is axiomatic that the plaintiffs' failure to appeal from

the Probate Court's denial of their motion to reargue precludes our consideration of it.