******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

IN RE PROBATE APPEAL OF ANDREW S.
KNOTT, ADMINISTRATOR (ESTATE
OF LUCILLE KIRSCH)
(AC 41980)

DiPentima, C. J., and Elgo and Bright, Js.

*Syllabus*

The substitute plaintiff, the administrator of the estate of L, appealed to
this court from the judgment of the trial court dismissing his appeal
from the orders of the Probate Court denying the application to terminate
the conservatorship of the estate of L and request for a waiver of fees
filed by M, the conservator of L's estate and the original plaintiff to the
probate appeal. The Probate Court had mailed notice of its orders to
the parties on October 20, 2016. Prior to filing this appeal with the
Superior Court on December 9, 2016, M filed an application for a waiver
of fees in that court on December 1, 2016, which the trial court granted
on December 5, 2016. Thereafter, the trial court rendered judgment
dismissing the appeal for lack of subject matter jurisdiction on the
ground that it was untimely pursuant to the statute (§ 45a-186 [a]) that
requires an appeal from a Probate Court order to be filed in the Superior
Court within forty-five days of when the order was mailed to the parties.
On the substitute plaintiff's appeal to this court, *held* that the trial court
improperly dismissed the probate appeal for lack of subject matter
jurisdiction on the ground that it was untimely; although § 45a-186 (a)
requires an appeal from an order of the Probate Court denying an
application to terminate a conservatorship to be filed within forty-five
days of when the order was mailed to the parties, pursuant to the
applicable statute (45a-186c [b]), the filing of the application for a waiver
of fees on December 1, 2016, tolled the time in which to commence the
probate appeal until the court rendered judgment on the fee waiver
application on December 5, 2016, which extended the time within which
to file the appeal to December 9, 2016, the date on which M timely filed
the probate appeal with the Superior Court.

Argued January 28–officially released May 14, 2019

*Procedural History*

Appeal from the orders of the Probate Court for the
district of Hamden-Bethany denying the application to
terminate the conservatorship and request for a waiver
of fees filed by the plaintiff William P. Meyerjack as
conservator of the estate of the decedent, brought to
the Superior Court in the judicial district of New Haven,
where the court, *Markle, J.*, granted the motion filed
by Andrew S. Knott, administrator of the estate of the
decedent, to be substituted as the plaintiff; thereafter,
the matter was tried to the court; judgment dismissing
the appeal, from which the substitute plaintiff appealed
to this court. *Reversed*; *further proceedings*.

*Andrew S. Knott*, self-represented, with whom, on
the brief, was *Robert J. Santoro*, for the appellant (substitute plaintiff).

*Opinion*

DiPENTIMA, C. J. The narrow question presented in this appeal asks us to determine whether the Superior Court improperly dismissed the probate appeal of the substitute plaintiff, Andrew S. Knott, administrator of the estate of Lucille S. Kirsch, as untimely. Specifically, the substitute plaintiff argues that his appeal was not untimely because an application for a waiver of fees (fee waiver) had been filed pursuant to General Statutes § 45a-186c,[1] which tolled the time limit set forth in General Statutes § 45a-186 (a).[2] We agree with the substitute plaintiff and, therefore, reverse the judgment of the trial court.

The following undisputed facts and procedural history are relevant to this appeal. On June 30, 2010, William P. Meyerjack was appointed conservator of the estate of Lucille S. Kirsch. On October 14, 2016, pursuant to General Statutes § 45a-660 (a) (2)[3] and § 33.17 of the Probate Court Rules,[4] William P. Meyerjack, conservator of the estate of Lucille S. Kirsch (Meyerjack),[5] filed an application to terminate the conservatorship of the estate of Lucille S. Kirsch and waive the requirement of a final financial account (application to terminate the conservatorship) with the Probate Court. On the same date, Meyerjack filed a request for a waiver of fees. Meyerjack's application to terminate the conservatorship and request for a waiver of fees were denied by the Probate Court, and notice of those decisions was mailed on October 20, 2016.

On December 1, 2016, prior to filing his appeal with the Superior Court pursuant to § 45a-186 (a), Meyerjack filed a fee waiver. The fee waiver was granted by the Superior Court on December 5, 2016, and the complaint[6] was filed on December 9, 2016. Shortly thereafter, while his appeal was pending in the Superior Court, Meyerjack filed a motion to cite in Lucille S. Kirsch, the conservatee, as a new party to the appeal. Although the Superior Court appears not to have acted on Meyerjack's motion, Kirsch filed an appearance on December 13, 2016, and, on December 21, 2016, filed an amended complaint[7] and amended writ of summons. At some point, following these multiple filings, Kirsch was added to the case caption as the designated plaintiff. On September 30, 2017, Kirsch died, and she was replaced with the substitute plaintiff on February 27, 2018.

Following oral argument on April 3, 2018, the Superior Court sua sponte dismissed the substitute plaintiff's appeal as untimely. In its order, dated July 25, 2018, the court found that the appeal was filed on December 9, 2016, which was more than forty-five days after the Probate Court mailed notice of its denials of Meyerjack's application to terminate the conservatorship and request for a waiver of fees. Accordingly, because the appeal was not filed within the deadline set forth in

§ 45a-186 (a), the court concluded that it lacked subject matter jurisdiction over the substitute plaintiff's appeal. The substitute plaintiff now appeals that decision to this court.

On appeal, the substitute plaintiff claims that the Superior Court improperly dismissed his appeal as untimely because the filing of the fee waiver tolled the time limit set forth in § 45a-186 (a).[8] We agree with the substitute plaintiff and, accordingly, reverse the judgment of the trial court dismissing his appeal as untimely.

We begin our analysis of the substitute plaintiff's claim by setting forth our relevant standard of review. "Our Supreme Court has long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Arriaga* v. *Commissioner of Correction*, 120 Conn. App. 258, 261–62, 990 A.2d 910 (2010), appeal dismissed, 303 Conn. 698, 36 A.3d 224 (2012).

"[W]e are . . . mindful of the familiar principle that a court [that] exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . Our courts of probate have a limited jurisdiction and can exercise only such powers as are conferred on them by statute. . . . They have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power. . . . The Superior Court, in turn, in passing on an appeal, acts as a court of probate with the same powers and subject to the same limitations. . . . It is also well established that [t]he right to appeal from a decree of the Probate Court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met. . . . Thus, only [w]hen the right to appeal . . . exists and the right has been duly exercised in the manner prescribed by law [does] the Superior Court [have] full jurisdiction over [it]. . . ." (Internal quotation marks omitted.) *Burnell* v. *Chorches*, 173 Conn. App. 788, 793, 164 A.3d 806 (2017). Failure to comply with the relevant time limit set forth in § 45a-186 (a) "deprives the Superior Court of subject matter jurisdiction and renders such an untimely appeal subject to dismissal." *Corneroli* v. *D'Amico*, 116 Conn. App. 59, 67, 975 A.2d 107, cert.

denied, 293 Conn. 928, 980 A.2d 909 (2009).

Applying the foregoing principles to the present appeal, we conclude that the court improperly dismissed the substitute plaintiff's appeal as untimely. The time limit to appeal from a probate court's denial of an application to terminate a conservatorship brought pursuant to § 45a-660 is forty-five days from the date that notice of the denial is mailed. See General Statutes § 45a-186 (a). When an appellant files a fee waiver pursuant to § 45a-186c, the time limit set forth in § 45a-186 (a) is tolled until a judgment on the fee waiver is rendered. See General Statutes § 45a-186c (b). In the present matter, the trial court found that the notice was mailed by the Probate Court on October 20, 2016, and determined that the deadline to appeal expired on December 4, 2016. The court apparently did not consider the fact that prior to filing this appeal, Meyerjack filed a fee waiver on December 1, 2016, which was not granted until December 5, 2016. Pursuant to § 45a-186c, the time limit set forth in § 45a-186 (a) was tolled during this five day interim, and, Meyerjack had until December 9, 2016, in which to file his appeal. Therefore, because the time limit in which to file this appeal was tolled while Meyerjack's fee waiver was pending, the court wrongly concluded that this appeal was untimely and improperly dismissed the case for lack of subject matter jurisdiction.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

[1] General Statutes § 45a-186c (b) provides in relevant part: "If the appellant claims that such appellant cannot pay the costs of an appeal taken under section 45a-186, the appellant shall, within the time permitted for filing the appeal, file with the clerk of the court to which the appeal is to be taken an application for waiver of payment of such costs, including the requirement of bond, if any. . . . The filing of the application for the waiver of such costs shall toll the time limits for the filing of an appeal until such time as a judgment on such application is rendered. . . ."

[2] General Statutes § 45a-186 (a) provides in relevant part: "[A]ny person aggrieved by any order, denial or decree of a Probate Court in any matter, unless otherwise specially provided by law, may, not later than forty-five days after the mailing of an order, denial or decree for a matter heard under any provision of section 45a-593, 45a-594, 45a-595 or 45a-597, sections 45a-644 to 45a-677, inclusive, or sections 45a-690 to 45a-705, inclusive . . . appeal therefrom to the Superior Court. Such an appeal shall be commenced by filing a complaint in the superior court in the judicial district in which such Probate Court is located, or, if the Probate Court is located in a probate district that is in more than one judicial district, by filing a complaint in a superior court that is located in a judicial district in which any portion of the probate district is located . . . ."

[3] General Statutes § 45a-660 (a) (2) provides in relevant part: "If the court finds upon hearing and after notice which the court prescribes that a conserved person has no assets of any kind remaining except for that amount allowed by subsection (c) of section 17b-80, the court may order that the conservatorship of the estate be terminated. . . ."

[4] Section 33.17 (a) of the Probate Court Rules provides in relevant part: "A conservator of the estate may petition the court to terminate the conservatorship of the estate and waive the requirement of a final financial report or account if the Department of Social Services has determined that the person under conservatorship is eligible for Medicaid under Title 19 of the Social Security Act. . . ."

[5] Although Meyerjack is designated as a defendant, along with several

other parties who did not appear, he was in fact the original plaintiff in this probate appeal. His status was changed in the court's docket at some point during those proceedings. Accordingly, as his interests are not adverse to those of the substitute plaintiff, we do not refer to him as the defendant.

[6] Meyerjack's original complaint alleged, inter alia, that the Probate Court violated his due process rights when it denied his application to terminate the conservatorship and request for a waiver of fees without providing him notice and a hearing.

[7] The amended complaint alleges the same reasons for appeal and seeks the same relief as the original complaint.

[8] During oral argument to this court, the substitute plaintiff requested that, in resolving the merits of this appeal, we also address the legal effect that a trial court's decision to grant a fee waiver has on the commencement of a probate appeal. Pursuant to § 45a-186 (a), any person aggrieved by a decree or denial from a Probate Court may appeal to the Superior Court by filing a copy of the complaint in the judicial district in which the Probate Court is located. The substitute plaintiff contends that this service procedure fails to accommodate appeals in which a party seeks a fee waiver because, in those cases, the complaint cannot be filed until the fee waiver is granted. Accordingly, because the fee waiver must include a copy of the complaint and all other documents necessary to commencing the probate appeal, the substitute plaintiff proposes that we should deem an appeal filed for the purpose of § 45a-186 (a) once a fee waiver is granted. We do not agree.

Contrary to the substitute plaintiff's claim, our review of the relevant law reveals that there is no requirement that a party include a copy of his complaint when seeking a fee waiver pursuant to § 45a-186c. Rather, § 45a-186c requires a party to comply with the provisions set forth in Practice Book § 8-2, which in turn states that "[t]he application shall set forth the facts which are the basis of the claim for waiver and for payment by the state of any costs of service of process; a statement of the applicant's current income, expenses, assets and liabilities; pertinent records of employment, gross earnings, gross wages and all other income; and the specific fees and costs of service of process sought to be waived or paid by the state and the amount of each. The application and any representations shall be supported by an affidavit of the applicant to the truth of the facts recited." Practice Book § 8-2 (a). Accordingly, if this court were to deem a probate appeal commenced once a fee waiver is granted, a party could arguably commence an appeal without satisfying the procedural requirements in § 45a-186 (a). The role of the courts is not to rewrite statutes or graft exceptions onto the language existing therein; that is a function of the legislature. See *Asia A.* v. *Geoffrey M.*, 182 Conn. App. 22, 33, 188 A.3d 762 (2018). We, therefore, decline to hold that when a party files a fee waiver in a probate appeal, the appeal should be deemed commenced on the date the fee waiver is granted.

———————————————