******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# IN RE PROBATE APPEAL OF SHERYL BUCKINGHAM ET AL.
## (AC 42548)

DiPentima, C. J., and Elgo and Devlin, Js.

*Syllabus*

The plaintiffs appealed to the trial court from the decree of the Probate Court dismissing their action contesting the will of the defendant's decedent, which had named the parties as beneficiaries and the defendant as the executor of the decedent's estate. Following the decedent's death, the defendant filed with the Probate Court a petition to admit the will to probate. After the deadline to object to the admission of the will had passed without any objection having been filed, the Probate Court issued a decree admitting the will to probate. The plaintiffs, who had been served with notice by the Probate Court, did not appeal from that decree; however, 137 days after it issued, they filed two motions with the Probate Court, which sought, in effect, the decedent's medical records to contest the will. In response, the defendant filed a motion to dismiss the plaintiffs' will contest for lack of subject matter jurisdiction. The Probate Court thereafter issued a decree dismissing the action, from which the plaintiffs appealed to the trial court, alleging claims of fraud. The trial court subsequently granted the defendant's motion to dismiss and rendered judgment dismissing the appeal, concluding that it lacked subject matter jurisdiction because, inter alia, the plaintiffs lacked statutory authority to raise their claims outside of a timely appeal from the original decree admitting the will to probate. On the plaintiffs' appeal to this court, *held* that the trial court properly dismissed the probate appeal for lack of subject matter jurisdiction, as that court had no statutory authority to set aside the decree of the Probate Court admitting the decedent's will to probate, and, therefore, it lacked jurisdiction to hear the plaintiffs' claims of fraud, which directly attacked the decree: because, in probate appeals, the trial court exercises the same authority as the Probate Court, and the Probate Court lacked subject matter jurisdiction to set aside its prior probate decree admitting the decedent's will to probate, even for fraud, as there was no statutory authority to do so, the trial court, likewise, lacked subject matter jurisdiction to set aside the decree; moreover, contrary to the plaintiffs' contention that the trial court had jurisdiction to set aside the probate decree because, pursuant to statute (§ 45a-24), that court possesses subject matter jurisdiction in will contests claiming fraud, the plaintiffs instituted a separate action in the Probate Court seeking to set aside the prior decree admitting the will, which constituted a direct attack on the decree over which the Probate Court lacked jurisdiction, even in cases of fraud, and § 45a-24 permits only collateral attacks on probate decrees, and, therefore, it did not provide the trial court with jurisdiction in the circumstances of this case, as a direct challenge to a probate decree based on fraud may be raised only by way of a separate equitable action.

Argued January 23—officially released May 26, 2020

*Procedural History*

Appeal from the decree of the Probate Court for the district of Housatonic dismissing the plaintiffs' action contesting the will of the defendant's decedent, brought to the Superior Court in the judicial district of Danbury, where the court, *Krumeich, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiffs appealed to this court. *Affirmed.*

*Michael A. D'Onofrio*, with whom, on the brief, was *Dante R. Gallucci*, for the appellants (plaintiffs).

*John A. Farnsworth*, with whom was *Anthony E. Monelli*, for the appellee (defendant).

*Opinion*

DEVLIN, J. An unusual feature of Connecticut law involves the role of the Superior Court in probate appeals. In such appeals, the Superior Court sheds its status as a constitutional court of general jurisdiction and assumes the status of a statutory Probate Court of limited jurisdiction. See *In re Probate Appeal of Knott*, 190 Conn. App. 56, 61, 209 A.3d 690 (2019); *State* v. *Gordon*, 45 Conn. App. 490, 494–95, 696 A.2d 1034, cert. granted on other grounds, 243 Conn. 911, 701 A.2d 336 (1997) (appeal dismissed October 27, 1998). In the present case, we are asked to decide whether, while adjudicating a probate appeal, a Superior Court may entertain a direct challenge to a probate decree admitting a will to probate based on a claim of fraud. Because, in the context of the present case, such claim of fraud may be raised only by way of a separate equitable action and not a probate appeal, we affirm the judgment of the Superior Court dismissing the probate appeal filed by the plaintiffs, Sheryl Buckingham and Darlene Dunn, for lack of subject matter jurisdiction.

The following undisputed facts and procedural history are relevant to this appeal. On October 21, 2011, the decedent, Steve T. Liscinsky, executed a will naming as beneficiaries his children, which include the plaintiffs and the defendant, Wayne S. Liscinsky. The will also named the defendant as executor of the decedent's estate. The decedent died on May 1, 2016. Following the decedent's death, the defendant filed a petition with the Probate Court for the district of Housatonic to admit the will to probate. On August 9, 2016, the Probate Court issued a notice of the defendant's petition, which listed the plaintiffs as recipients of the notice and explained that the will would be admitted on August 24, 2016, with a deadline to object to its admission of August 22, 2016. The plaintiffs never filed an objection to the will, nor did any other interested party. Subsequently, on August 24, 2016, the Probate Court issued a decree admitting the will to probate, and it served notice to the interested parties on August 25, 2016. The plaintiffs never appealed from this decree. See General Statutes § 45a-186 (b).

Nearly three months later, on November 10, 2016, the plaintiffs' counsel filed his appearance with the Probate Court. On January 9, 2017, 137 days after the Probate Court had issued its decree, the plaintiffs filed a motion titled "Notice of Intention to Contest Will" with the Probate Court. On January 11, 2017, the plaintiffs filed a related motion titled "Request for Court Order for Disclosure of Medical Information." In effect, these two motions sought the decedent's medical records in order to contest the will under the alternative theories that either the decedent lacked the capacity to knowingly and voluntarily execute his will or the will was the product of undue influence. On January

17, 2017, the defendant filed a motion to dismiss the will contest, arguing that the Probate Court lacked subject matter jurisdiction because the plaintiffs' contest was untimely, the court lacked statutory authority to consider their claims, and their claims were barred by res judicata. The Probate Court agreed and, on June 28, 2018, dismissed the action.

From that decree, the plaintiffs timely appealed to the Superior Court. In their complaint to the Superior Court, the plaintiffs included additional allegations that they had not received proper notice of the defendant's petition to admit the will to probate and that the defendant had "fraudulently concealed" and "fraudulently presented" the will. The plaintiffs did not offer further factual allegations to support their new claims of fraud. In response, the defendant moved to dismiss the probate appeal on three grounds: (1) the Superior Court, in exercising the same authority as the Probate Court, lacked subject matter jurisdiction to decide the appeal; (2) the plaintiffs' claims were barred by res judicata; and (3) the plaintiffs' claims of fraud were legally insufficient. The Superior Court granted the motion and dismissed the appeal, concluding that it lacked subject matter jurisdiction because the plaintiffs lacked statutory authority to raise their claims outside of a timely appeal from the original probate decree admitting the will and those claims were barred by res judicata. This appeal followed.

On appeal, the plaintiffs claim that the Superior Court improperly dismissed their appeal from the Probate Court. Specifically, they contend that they sufficiently pleaded their claims of fraud, and, pursuant to General Statutes § 45a-24,[1] the Superior Court has jurisdiction to set aside prior probate decrees without any applicable statutory time limitation "when the claim involves fraud, including concealment of lack of capacity, and undue influence."[2] We conclude that, in the circumstances of the present case, the Superior Court in this probate appeal had no jurisdiction to set aside prior decrees of the Probate Court—even on a ground of fraud. Thus, the Superior Court lacked subject matter jurisdiction to hear their claims.[3]

We begin by setting forth the relevant standard of review. "Our Supreme Court has long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation

marks omitted.) *In re Probate Appeal of Knott*, supra, 190 Conn. App. 61.

Moreover, "[a]n appeal from a Probate Court to the Superior Court is not an ordinary civil action. . . . When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate. . . . In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court." (Citations omitted; internal quotation marks omitted.) *State* v. *Gordon*, supra, 45 Conn. App. 494–95. "When . . . no record was made of the Probate Court proceedings, the absence of a record requires a trial de novo." *Silverstein* v. *Laschever*, 113 Conn. App. 404, 409, 970 A.2d 123 (2009).

The ultimate question in this appeal, therefore, is whether the Probate Court possessed subject matter jurisdiction to set aside a prior probate decree. If so, then the plaintiffs would have had a cognizable cause of action, and the Superior Court, in exercising the same authority as the Probate Court, would have possessed subject matter jurisdiction as well. Accordingly, we now analyze the jurisdictional bounds of our courts of probate.

"The Probate Court is a court of limited jurisdiction prescribed by statute, and it may exercise only such powers as are necessary to the performance of its duties. . . . As a court of limited jurisdiction, it may act only when the facts and circumstances exist upon which the legislature has conditioned its exercise of power. . . . Such a court is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) *In re Probate Appeal of Cadle Co.*, 129 Conn. App. 814, 820, 21 A.3d 572, cert. denied, 302 Conn. 914, 27 A.3d 373 (2011).

In 1904, our Supreme Court first addressed the issue of whether the Probate Court possesses the authority to reverse or to set aside its prior decrees. *Delehanty* v. *Pitkin*, 76 Conn. 412, 416, 56 A. 881 (1904), appeal dismissed, 199 U.S. 602, 26 S. Ct. 748, 50 L. Ed. 328 (1905). In *Delehanty*, the Probate Court issued a decree admitting a will to probate, which the plaintiff did not appeal, and then, four years later, the plaintiff petitioned the Probate Court to admit a different will for the same decedent. Id., 413–15. The Probate Court denied the plaintiff's petition, and the Superior Court subsequently dismissed his appeal for want of jurisdiction. Id., 413. On appeal, the plaintiff claimed that his proposed will was the true will of the decedent and that one of the executors had fraudulently destroyed the original copy of this will. Id., 414. Upon reviewing the contemporaneous statutes governing the authority of the Probate Court, our Supreme Court concluded that "the power

to set aside a decree of this kind, after the estate is settled, is not in express terms anywhere given to our courts of probate . . . ." Id., 416–17. Further, the court rejected the plaintiff's argument that the Probate Court possessed that authority by implication, holding that the courts of probate "have no such unregulated and unlimited power to modify, reverse, or set aside . . . their own final decrees . . . ." Id., 417–18. Instead, the legislature vested the right to overturn probate decrees with the Superior Court on appeal and, "save in the cases excepted by statute, a final probate decree can be set aside or reversed only upon appeal." Id., 420.

Our Supreme Court further concluded that there was no statutory exception permitting the Probate Court to set aside its final decrees, even in cases alleging fraud. Id., 423. The court examined General Statutes (1902 Rev.) § 194, the predecessor to § 45a-24, which provided that "[n]o order made by a court of probate upon any matter within its jurisdiction, shall be attacked collaterally, except for fraud, or set aside save by appeal." (Internal quotation marks omitted.) *Delehanty* v. *Pitkin*, supra, 76 Conn. 420. The court concluded that § 194 did not apply to the case before it, because a proceeding brought in the Probate Court to set aside a prior decree for fraud constitutes a direct attack, rather than a collateral attack, on the prior decree. Id., 423. The court reasoned that "[a] direct attack upon a judgment, if successful, wipes it out of existence; while a collateral attack upon it, if successful, leaves it in full force, except as against the party who collaterally attacks it, and as regards the case in which it is so attacked. Clearly, the proceeding before the court of probate was a direct attack upon the decree in question, seeking to have it set aside by the court of probate for fraud; and this, we hold, the court of probate had no power to do, even for fraud." Id. The court therefore determined that, because § 194 did not provide the Probate Court jurisdiction to adjudicate direct attacks on probate decrees, no statute, as of 1904, provided the Probate Court with authority necessary to set aside its prior decrees, even for fraud. Id.

More recently, our Supreme Court has clarified that when a plaintiff fails to timely appeal a probate decree, "[h]er only recourse . . . would be by an appeal to the general equitable power of the Superior Court, which may, in proper cases, grant relief against decrees of the Probate Court procured by fraud, accident, mistake and the like." (Internal quotation marks omitted.) *VanBuskirk* v. *Knierim*, 169 Conn. 382, 388, 362 A.2d 1334 (1975). Likewise, this court previously has noted that, "[o]nly in exceptional circumstances, such as fraud, mistake or a like equitable ground, may [the Superior Court] consider an equitable attack on a probate order or decree." *Ferris* v. *Faford*, 93 Conn. App. 679, 691, 890 A.2d 602 (2006); id., 691 n.5 (citing § 45a-24).

Presently, just as in 1904, there is no statute conferring broad jurisdiction on the Probate Court to adjudicate a direct attack on its prior decrees for any reason. Instead, there are limited exceptions to the general rule that the Probate Court may not overturn its prior decrees, many of which are the same exceptions discussed by the court in *Delehanty*.[4] Therefore, our Supreme Court's conclusion in *Delehanty* remains relevant in the present day: In the absence of a specific statutory exception, the Probate Court does not have subject matter jurisdiction to set aside its prior decrees, even for fraud. *Delehanty* v. *Pitkin*, supra, 76 Conn. 417. Furthermore, the specific exceptions that the plaintiffs presently seek—to contest an admitted will alleging fraud, undue influence, and incapacity—have no statutory basis. Specifically, in their brief to this court, the plaintiffs rely on two statutes that they argue provide subject matter jurisdiction here: §§ 45a-186 and 45a-24. We disagree.

In citing § 45a-186, the plaintiffs argue that the Superior Court possessed jurisdiction because they were aggrieved by the Probate Court's dismissal of their will contest and timely appealed that dismissal. Section 45a-186 (b) provides in relevant part: "Any person aggrieved by an order, denial or decree of a Probate Court may appeal therefrom to the Superior Court. . . . [A]n appeal from an order, denial or decree in any . . . matter [excluding certain exceptions listed elsewhere in this section] shall be filed on or before the thirtieth day after the date on which the Probate Court sent the order, denial or decree. . . ."[5] In order for the Superior Court to possess jurisdiction over an appeal from the Probate Court, the plaintiffs must meet the requirements of § 45a-186 (b). See *In re Probate Appeal of Knott*, supra, 190 Conn. App. 61–62. The plaintiffs must demonstrate that they were aggrieved by the decision of the Probate Court, because "the absence of aggrievement, as required by that statute, is a defect that deprives the Superior Court of jurisdiction to entertain the appeal. . . . The concept of aggrievement depends only on the existence of a cause of action upon which a party may rest his plea for relief. The issue of whether [a party] was aggrieved under [§ 45a-186 (b)] by the actions of the Probate Court is to be distinguished from the question of whether, on a review of the merits, it will prevail. . . . If the plaintiff[s] had a cognizable cause of action in the Probate Court, [they] would be aggrieved by an order of that court denying [them] relief." (Citations omitted; internal quotation marks omitted.) *In re Baskin's Appeal from Probate*, 194 Conn. 635, 637–38, 484 A.2d 934 (1984).

Despite the plaintiffs' timely appeal, § 45a-186 (b) alone does not establish jurisdiction here because a dismissal in the Probate Court constitutes aggrievement *only* where "the plaintiff[s] had a cognizable cause of

action in the Probate Court . . . ." (Internal quotation marks omitted.) Id., 638. Thus, § 45a-186 does not resolve the ultimate issue of whether the plaintiffs, in fact, possessed a cognizable cause of action in the Probate Court.

Next, the plaintiffs argue that the Superior Court possesses subject matter jurisdiction in will contests alleging fraud pursuant to § 45a-24, which provides in relevant part: "All orders, judgments and decrees of courts of probate . . . shall not be subject to collateral attack, except for fraud."[6] Generally, the plaintiffs' proposition is true; our appellate courts continually have reaffirmed the principle that the Superior Court may exercise its equitable jurisdiction to "grant relief against decrees of the Probate Court procured by fraud, accident, mistake and the like." (Internal quotation marks omitted.) *VanBuskirk* v. *Knierim*, supra, 169 Conn. 388. The plaintiffs, however, misunderstand their procedural posture in the present case. When a decision of the Probate Court is appealed pursuant to § 45a-186, "[t]he Superior Court, in turn . . . acts as a court of probate with the same powers and subject to the same limitations." (Internal quotation marks omitted.) *In re Probate Appeal of Knott*, supra, 190 Conn. App. 61. Similar to the plaintiff in *Delehanty*, the plaintiffs here instituted a separate action in the Probate Court seeking to set aside the prior decree admitting the will. If successful, the plaintiffs' challenge to the will would wipe the prior decree out of existence. The *Delehanty* court plainly held that such an attack is not a collateral attack; instead, the plaintiffs' action is properly characterized as a direct attack on the prior decree, over which the Probate Court lacks jurisdiction, *even in cases of fraud*. See *Delehanty* v. *Pitkin*, supra, 76 Conn. 417, 423. Section 45a-24 provides only for collateral attacks, just as its predecessor provided in 1904, and has no provision permitting direct attacks on probate decrees. Consequently, for the Superior Court to possess jurisdiction, the plaintiffs would need to institute a separate action collaterally attacking the probate decree admitting the will and invoke the court's equitable jurisdiction by alleging fraud or other equitable grounds. See *VanBuskirk* v. *Knierim*, supra, 388; *Delehanty* v. *Pitkin*, supra, 417. Thus, because no such independent action was before the Superior Court, § 45a-24 does not provide jurisdiction here.

Beyond the arguments put forth by the plaintiffs, our review of the statutory authority governing our courts of probate similarly does not uncover any source for subject matter jurisdiction to set aside the probate decree in the present case. Instead, our appellate courts have long established that there are only two recourses for the remedy that the plaintiffs seek: they either could have timely appealed the admission of the will to the Superior Court pursuant to § 45a-186 or filed an independent action with the Superior Court, invoking its

equitable jurisdiction by claiming fraud, mistake, or a like equitable ground. The plaintiffs took neither approach. Instead, they filed a separate action with the Probate Court to contest the will without any statute granting the court jurisdiction to hear such matters. Therefore, because the Probate Court "is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation," the Probate Court lacked subject matter jurisdiction to hear the plaintiffs' motion. (Internal quotation marks omitted.) *State* v. *Gordon*, supra, 45 Conn. App. 495. On appeal, the Superior Court likewise lacked jurisdiction, because in a probate appeal, even in cases in which the plaintiffs allege fraud, the Superior Court may act only with the same authority possessed by the Probate Court. We therefore conclude that the Superior Court properly dismissed the appeal for lack of subject matter jurisdiction because there was no statutory authority permitting the court to grant the remedy the plaintiffs sought.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 45a-24 provides in relevant part: "All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud."

[2] Although the plaintiffs do not address the Superior Court's application of res judicata in their arguments to this court, we recognize that it is well settled that "[r]es judicata is not included among the permissible grounds on which to base a motion to dismiss. Res judicata with respect to a jurisdictional issue does not itself raise a jurisdictional question." *Zizka* v. *Water Pollution Control Authority*, 195 Conn. 682, 687, 490 A.2d 509 (1985). "Res judicata does not provide the basis for a judgment of dismissal; it is a special defense that is considered after any jurisdictional thresholds are passed." *Labbe* v. *Pension Commission*, 229 Conn. 801, 816, 643 A.2d 1268 (1994).

[3] Because our resolution of the issue of subject matter jurisdiction is dispositive of the appeal, we need not address the sufficiency of the plaintiffs' claims of fraud. See, e.g., *Bailey* v. *Medical Examining Board for State Employee Disability Retirement*, 75 Conn. App. 215, 216 n.4, 815 A.2d 281 (2003).

[4] For instance, General Statutes § 45a-128 (a) provides in relevant part: "[A]ny order or decree made by a court of probate ex parte may, in the discretion of the court, be reconsidered and modified or revoked by the court. . . ." See also *Delehanty* v. *Pitkin*, supra, 76 Conn. 418 ("in 1869 the [l]egislature provided that 'any court of probate may modify or revoke any order made ex parte, before an appeal therefrom, and, if made in reference to the settlement of any estate, before the final settlement' ").

[5] Although § 45a-186 (b) provides an alternative forty-five day window to file an appeal on certain grounds and General Statutes § 45a-128 (b) provides a 120 day window to seek reconsideration, modification, or revocation of a probate decree, the arguments put forth by both parties to this court have only concerned the thirty day limit.

[6] We note that the language of the predecessor statute to § 45a-24, as discussed by our Supreme Court in *Delehanty*, has changed little over the intervening century. See *Delehanty* v. *Pitkin*, supra, 76 Conn. 420 ("[t]he words of the statute are as follows: '[n]o order made by a court of probate upon any matter within its jurisdiction, shall be attacked collaterally, except for fraud, or set aside save by appeal' ").