******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

PATRICK RIDER *v.* BRIAN RIDER, CONSERVATOR
(ESTATE OF LEIGH RIDER), ET AL.
(AC 44067)

Alvord, Suarez and Lavine, Js.

*Syllabus*

The plaintiff appealed to the Superior Court from the decree of the Probate
Court approving the final account filed by the defendant. The Probate
Court had mailed notice of its decree on December 22, 2017. Prior to
filing his appeal with the Superior Court on March 2, 2018, the plaintiff
filed a motion for revocation with the Probate Court on December 26,
2017, which the Probate Court denied on February 8, 2018. Thereafter,
the Superior Court rendered judgment dismissing the appeal for lack
of subject matter jurisdiction on the ground that it was untimely pursuant
to the applicable statute ((Rev. to 2017) § 45a-186 (a)) that requires an
appeal from a Probate Court decree to be filed in the Superior Court
within forty-five days of when the decree was mailed to the parties. On
appeal to this court, the plaintiff claimed that his motion for revocation
tolled the appeal period. *Held* that the Superior Court properly dismissed
the probate appeal for lack of subject matter jurisdiction on the ground
that it was untimely: the plaintiff did not file his appeal with the Superior
Court within forty-five days of when the Probate Court mailed its decree,
and his motion for revocation, filed pursuant to statute (§ 45a-128), did
not toll the appeal period for the Probate Court's underlying decision
approving the final account, as the legislature clearly addressed tolling
the appeal period in its statutory scheme governing appeals in probate
cases and did not include the filing of a motion pursuant to § 45a-128
as an action that tolls the appeal period.

Argued December 2, 2021—officially released January 25, 2022

*Procedural History*

Appeal from the decree of the Probate Court for the
district of North Central Connecticut approving the final
account filed by the defendant, brought to the Superior
Court in the judicial district of Hartford and tried to
the court, *Cobb, J.*; judgment dismissing the appeal,
from which the plaintiff appealed to this court.
*Affirmed.*

*Matthew S. Carlone*, for the appellant (plaintiff).

*Charles D. Houlihan, Jr.*, for the appellee (defen-
dants).

*Opinion*

ALVORD, J. The plaintiff, Patrick Rider, appeals from the judgment of the Superior Court dismissing his probate appeal for lack of subject matter jurisdiction. On appeal, he claims that the court incorrectly concluded that it lacked jurisdiction over his appeal on the basis that it was untimely.[1] We affirm the judgment.

The following procedural history is relevant to our resolution of this appeal. In July, 2017, Leigh Rider (Rider)[2] filed a petition with the Probate Court requesting a voluntary conservatorship with the defendant Brian Rider appointed as conservator of his person and estate. The Probate Court granted the petition. One month later, in August, 2017, Rider requested that the court "revoke his voluntary conservatorship," and the Probate Court granted this request. On October 31, 2017, the defendant filed a final account with the Probate Court. The Probate Court then noticed and assigned a hearing on allowance of the final account. Before the hearing was held, on December 2, 2017, Rider died.

The hearing on allowance of the final account was held on December 13, 2017.[3] During the hearing, the plaintiff objected to the account, challenging the attorney's fees expended because "the amount of time and itemization . . . was not provided to the court" or to the plaintiff and arguing that assets that should have been included in the account were not included. At the conclusion of the hearing, the court asked: "All right. Is that it, [plaintiff]? You done?" The plaintiff responded: "Yes, Your Honor. I am done." The court closed the hearing by saying: "Okay. I'm going to have to spend some time on this myself so I'm going to have to continue this hearing."

On December 22, 2017, the court issued a "Decree: Final Account," allowing and approving the final account without scheduling another hearing. On December 26, 2017, the plaintiff, acting in a self-represented capacity,[4] filed a "Motion for Revocation of Probate Decree Allowing the Approval of the Accounting of the Conservator, [General Statutes § 45a-128 (a) and (b)]" (motion for revocation).[5] The plaintiff was concerned that records of attorney's fees were not provided, an explanation of claimed irregularities in the account had yet to be discussed, and there had not been a continued hearing on the account.[6] The plaintiff then requested "a hearing as per [§ 45a-128] and an order that [the attorney for the conservatorship] send out his time slips for all pre-conservatorship fees and fees during the conservatorship . . . ."

On February 8, 2018, the Probate Court denied the motion for revocation pursuant to § 45a-128 (b),[7] stating that "the request . . . does not meet the requirements outlined in . . . [§] 45a-128 as all parties in interest

have not filed a consent to reconsider, all parties in interest did receive notice of hearing . . . no scrivener or clerical error has been identified, and no discovery or identification of parties unknown to the court was made.''

Subsequently, the plaintiff filed a complaint, appealing from the Probate Court's decree accepting the final account, with the Superior Court. The complaint was not filed until March 2, 2018. In both the original complaint and the amended complaint, filed March 14, 2018, the plaintiff asserted that he "filed a written motion for reconsideration with the Probate Court reasserting the plaintiff's objections described herein. However, as of the date hereof, no action has been taken on said motion." The plaintiff requested a de novo review of the final account and listed several objections to the account,[8] arguing that the Probate Court never considered those objections despite stating that it would continue the hearing on the final account in order to do so.

On March 16, 2018, the defendant filed a motion to dismiss the plaintiff's appeal. The defendant argued that, inter alia, General Statutes (Rev. to 2017) § 45a-186 (a) "requires the filing of an appeal in a conservatorship matter by filing a complaint in the Superior Court no later than forty-five (45) days after the mailing of the order. The underlying order was mailed on December 22, 2017. The complaint must therefore be filed in Superior Court by no later than February 5, 2018. This case was filed in Superior Court on March 2, 2018, seventy (70) days after the order, and was therefore untimely.''

On April 30, 2018, after a hearing, the Superior Court, *Cobb*, *J.*, denied the motion to dismiss, concluding that "the plaintiff has timely appealed from an order denying a motion entitled 'motion for revocation,' which the plaintiff indicates is [a] motion for reconsideration. As this act of the Probate Court constitutes 'any order, denial or decree of' a court of probate, it is an appealable order, and from this order the parties agree the appeal is timely. Accordingly, the motion to dismiss is denied.''[9] (Quoting in part General Statutes (Rev. to 2017) § 45a-186 (a)).

On April 30, 2019, the plaintiff filed his brief in support of his appeal to the Superior Court wherein he argued that (1) his rights were prejudiced when the court issued the decree approving the proposed final account without completing the hearing and by not providing notice that the hearing would not be completed and (2) the probate hearing on the final account was "statutorily deficient." Aside from the procedural statement that there was a motion for revocation which was denied, the plaintiff did not raise issues related to the Probate Court's denial of that motion. In response, the defendant made several arguments in support of affirmance of the decree approving the final account and reasserted his contention that the Superior Court lacked subject mat-

ter jurisdiction because the appeal was untimely as it was not filed within the appeal period set forth in General Statutes (Rev. to 2017) § 45a-186 (a).

On January 29, 2020, the Superior Court issued a memorandum of decision. The court first determined that it lacked subject matter jurisdiction over the plaintiff's appeal insofar as it related to the Probate Court's decree accepting the final account. Specifically, the Superior Court stated: "In denying the defendant's motion to dismiss, this court found that the plaintiff's appeal from the order denying the motion for revocation was timely.[10] Implicit in that ruling, and to clarify, the plaintiff's appeal from the Probate Court's December 22, 2017 order approving the final account was not timely commenced because it was not filed until March 2, [2018], well beyond the thirty or forty-five day limitations in General Statutes § 45a-186. Thus, the only Probate Court order that the court has jurisdiction to consider in this appeal is the Probate Court's order denying the motion for revocation: it is jurisdictionally barred from considering claims related to the Probate Court's decision approving the defendant's final account." (Footnote added; footnote omitted.) The court continued, "[t]he plaintiff contends that the Probate Court acted in violation of the General Statutes and that it abused its discretion in denying [his] motion [for] revocation. The plaintiff's argument, however, focuses almost exclusively on the procedural deficiencies of the December 13, 2017 hearing on the final account and the Probate Court's order approving the final account. As stated previously, the court lacks jurisdiction to consider these matters because the plaintiff's appeal from the December 22, 2017 decree was untimely." The plaintiff now appeals to this court.

On appeal, the plaintiff argues that the Superior Court incorrectly concluded that it lacked subject matter jurisdiction over the plaintiff's appeal from the Probate Court's decree approving the final account because his motion for revocation tolled the appeal period applicable to that Probate Court decision.[11] The defendant asserts that the Superior Court properly dismissed the appeal because it was not filed within forty-five days of the Probate Court's December 22, 2017 decree accepting the final account. We agree with the defendant that the Superior Court correctly determined that it lacked subject matter jurisdiction over the plaintiff's appeal from the Probate Court's decree approving the final account.

We first set forth our standard of review and relevant principles of law. "Our Supreme Court has long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject

matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal. . . .

"[W]e are . . . mindful of the familiar principle that a court [that] exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . Our courts of probate have a limited jurisdiction and can exercise only such powers as are conferred on them by statute. . . . They have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power. . . . The Superior Court, in turn, in passing on an appeal, acts as a court of probate with the same powers and subject to the same limitations. . . . It is also well established that [t]he right to appeal from a decree of the Probate Court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met. . . . Thus, only [w]hen the right to appeal . . . exists and the right has been duly exercised in the manner prescribed by law [does] the Superior Court [have] full jurisdiction over [it] . . . . Failure to comply with the relevant time limit set forth in [General Statutes (Rev. to 2017)] § 45a-186 (a) deprives the Superior Court of subject matter jurisdiction and renders such an untimely appeal subject to dismissal." (Citations omitted; internal quotation marks omitted.) *In re Probate Appeal of Knott*, 190 Conn. App. 56, 61–62, 209 A.3d 690 (2019).

We next set forth the statute governing appeals of Probate Court orders. General Statutes (Rev. to 2017) § 45a-186 (a) provides in relevant part that "any person aggrieved by any order, denial or decree of a Probate Court in any matter, unless otherwise specially provided by law, may, not later than forty-five days after the mailing of an order, denial or decree for a matter heard under any provision of," inter alia, General Statutes § 45a-660,[12] "appeal therefrom to the Superior Court. Such an appeal shall be commenced by filing a complaint in the superior court . . . ."

The plaintiff argues that his motion for revocation tolled the appeal period relating to the Probate Court's decree accepting the final account, which the parties agree began to run on December 22, 2017. Specifically, the plaintiff argues that "when a party files a motion for reconsideration pursuant to . . . § 45a-128, the time for filing an appeal does not start running until the Probate Court either rules on the motion for reconsideration or provides notice that it does not intend to act on the motion for reconsideration."[13] Therefore, he

asserts, the appeal period did not begin to run until February 8, 2018, when the Probate Court denied his motion for revocation, providing him with forty-five days from that date to file his appeal of the decree accepting the final account with the Superior Court, and, therefore, his March 2, 2018 filing of the appeal was timely.

Because "[t]he right to appeal from a decree of the Probate Court is purely statutory and the rights fixed by statute for taking and prosecuting an appeal must be met"; *In re Probate Appeal of Knott*, supra, 190 Conn. App. 61; we turn to the language of the statute governing probate appeals. As noted previously, General Statutes (Rev. to 2017) § 45a-186 (a) creates a forty-five day period within which to file an appeal. The statutory scheme that governs appeals in probate cases provides the sole circumstance that tolls the appeal period. General Statutes § 45a-186c provides that the appeal period is tolled when an application for a waiver of costs is filed. Our legislature clearly addressed tolling the appeal period and did not include the filing of a motion pursuant to § 45a-128 as an action that tolls the appeal period. See General Statutes § 45a-186c.

In addition, § 45a-128, which governs motions for reconsideration, modification and revocation in probate matters, addresses the appeal procedure for such motions[14] and does not provide that such motions toll the appeal period with respect to the underlying decision. See General Statutes § 45a-128 (c); see also *Burnell* v. *Chorches*, 173 Conn. App. 788, 792 n.2, 164 A.3d 806 (2017) (noting that plaintiffs had provided no legal support for claim that motion for reconsideration tolled thirty day time period and noting that court similarly was not aware of any such authority). We find persuasive that the legislature expressly addressed appellate procedure in § 45a-128 and did not provide that such a motion would toll the appeal period for the underlying court action. See General Statutes § 45a-128 (c); cf. *Ierardi* v. *Commission on Human Rights & Opportunities*, 15 Conn. App. 569, 575–76, 546 A.2d 870 (appeal period in administrative case tolled because governing statute provided that "[a] request for reconsideration postpones the running of the appeal period . . . until 'the decision thereon' "), cert. denied, 209 Conn. 813, 550 A.2d 1082 (1988).

For this court to agree with the plaintiff's argument would require us to graft on to the relevant statutes discussed herein an exception that does not exist. "We are not in the business of writing statutes; that is the province of the legislature. Our role is to interpret statutes as they are written. . . . [We] cannot, by [judicial] construction, read into statutes provisions [that] are not clearly stated." (Internal quotation marks omitted.) *Thomas* v. *Dept. of Developmental Services*, 297 Conn. 391, 412, 999 A.2d 682 (2010). Reading the relevant

statutory scheme with the well established principles regarding the statutory right of appeal in probate cases, we conclude that a motion pursuant to § 45a-128 does not toll the appeal period for the underlying decision. Thus, the plaintiff's appeal from the decree approving the final account was untimely, and the Superior Court correctly determined that it lacked subject matter jurisdiction over the appeal.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff also claims on appeal that (1) his rights were prejudiced by the Probate Court's approval of the proposed final account without completing the hearing and (2) the hearing was statutorily deficient. Because we conclude that the Superior Court correctly determined that it lacked subject matter jurisdiction over the plaintiff's appeal, we need not consider these claims.

[2] Patrick Rider, the plaintiff, and Brian Rider, the defendant, are both sons of Leigh Rider. Brian Rider was named as a defendant in the complaint in the Superior Court in both his individual capacity and as conservator of the estate of Leigh Rider. Leigh Rider will be referred to as Rider throughout this opinion.

[3] Prior to this hearing, the plaintiff's attorney requested a continuance "for the reason that he could not attend the hearing in person and had just been retained by the plaintiff, and needed more time to consider the petition for final account." The motion was denied and the plaintiff's counsel attended the hearing via telephone.

[4] Although the plaintiff was represented by counsel at this point in the proceedings, at oral argument before this court, the plaintiff's counsel represented that the plaintiff had filed this motion himself on the mistaken belief that he was no longer represented by counsel.

[5] The plaintiff, as well as the Probate Court and the Superior Court, at times refer to this motion as a motion for reconsideration. For the sake of consistency and clarity, we refer to the motion as a motion for revocation throughout this opinion.

We also note that whether the plaintiff's motion is referred to as a motion for reconsideration or a motion for revocation is inconsequential to our analysis because the governing statute applies to both motions. See General Statutes § 45a-128 ("[t]he court may *reconsider and modify or revoke* any such order or decree for any of the following reasons . . . ." (emphasis added)).

[6] On the basis of these contentions, the plaintiff asserted that the decree approving the account was "an ex parte [§] 45[a]-128 (a) decision . . . ." Section 45a-128 (a), which governs ex parte orders and decrees, provides in relevant part that "an ex parte order or decree is an order or decree entered in a proceeding of which no notice is required to be given to any party and no notice is given" and that "[r]econsideration may be made on the court's own motion or, for cause shown satisfactory to the court . . . ."

[7] General Statutes § 45a-128 (b) provides in relevant part that "[t]he court may reconsider and modify or revoke any such order or decree for any of the following reasons: (1) For any reason, if all parties in interest consent to reconsideration, modification or revocation, or (2) for failure to provide legal notice to a party entitled to notice under law, or (3) to correct a scrivener's or clerical error, or (4) upon discovery or identification of parties in interest unknown to the court at the time of the order or decree."

[8] The plaintiff included assertions that "the accounting was materially incomplete . . . materially inaccurate . . . sought approval of attorney's fees that were not sufficiently substantiated by the accounting itself . . . sought approval of attorney's fees that had no nexus to the conservatorship and therefore not reasonable; and/or . . . the conservator negligently and/or intentionally failed to perform the duties required by law."

[9] The plaintiff did not appeal from the Probate Court's denial of his motion for revocation. See footnote 10 of this opinion.

[10] Each party, as well as the Superior Court, suggested at various points that the plaintiff appealed from the court's denial of his motion for revocation. Our careful review of the record reveals that the plaintiff never appealed from the Probate Court's denial of his motion for revocation and does not raise claims on appeal to this court with respect to the denial of his motion. In fact, the plaintiff's complaint to commence his appeal in the Superior

Court was dated prior to the Probate Court's ruling on the motion for revocation, and he did not make arguments before the Superior Court related to the Probate Court's ruling on that motion. Therefore, despite the Superior Court's comments to the contrary in both the decision on the motion to dismiss and in its memorandum of decision, the plaintiff only appealed from the court's decision to accept the final account and not from the court's denial of his motion for revocation. See *Silverstein* v. *Laschever*, 113 Conn. App. 404, 414, 970 A.2d 123 (2009) ("[a]n appeal [brings] before the Superior Court for review only the order appealed from" (internal quotation marks omitted)); see also *In re Probate Appeal of McIntyre*, 207 Conn. App. 433, 440, 263 A.3d 925 (2021) ("The Superior Court may not consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked. . . . The Superior Court, therefore, cannot enlarge the scope of the appeal." (Internal quotation marks omitted.)).

[11] The plaintiff also argues that, "[i]irrespective of the tolling effect of the motion for reconsideration, the decision's flawed analysis is evidenced by which date it considers the appeal period began in this matter. . . . The Court's holding misapplies the 'final judgment doctrine' by measuring the commencement of the appeal period as December 13, 2017 [the date of the hearing on the account]; in contrast the court correctly measured the appeal period from December 22, 2017 [the date of the court's ruling on the account] when the court denied the defendant's motion to dismiss. . . . The trial court in this case ruled that the appeal period commenced on December 13, 2017 even though there was no, 'order, denial or decree of a Probate Court' to appeal from until December 22, 2017. This simple fact negates the whole of the trial court's flawed reasoning . . . ."

With respect to this argument, it appears that the plaintiff has misread the Superior Court's memorandum of decision. Although the court referenced the date of the hearing with respect to its review of the Probate Court's denial of the motion for revocation, the court did not use that date in determining that it lacked subject matter jurisdiction. The Superior Court clearly measured the appeal period as beginning on the date of the Probate Court's approval, concluding that "the plaintiff's appeal from the Probate Court's December 22, 2017 order approving the final account was not timely commenced because it was not filed until March 2, [2018], well beyond the thirty or forty-five day limitations in General Statutes § 45a-186." Accordingly, we reject the plaintiff's argument.

[12] General Statutes § 45a-660 provides in relevant part: "(a) (1) A conserved person may, at any time, petition the Probate Court having jurisdiction for the termination of a conservatorship. . . .

(b) (1) In any case under subsection (a) of this section, the conservator shall file in the court the conservator's final account, and the court shall audit the account and allow the account if it is found to be correct. . . ."

[13] In making this argument, the plaintiff relies solely on Superior Court decisions that are not binding on this court. See *Towbin* v. *Board of Examiners of Psychologists*, 71 Conn. App. 153, 177, 801 A.2d 851, cert. denied, 262 Conn. 908, 810 A.2d 277 (2002).

[14] General Statutes § 45a-128 (c) provides that "[u]pon any modification or revocation there shall be the same right of and time for appeal as in the case of any other order or decree."

---